BOARD OF EDUCATION OF HILLIARD CITY SCHOOL DISTRICT, APPELLEE, *v.* FRANKLIN COUNTY BOARD OF REVISION; ARLINGGATE PLAZA LIMITED PARTNERSHIP, APPELLANT.

[Cite as Hilliard City School Dist. Bd. of Edn. *v.* Franklin Cty. Bd. of Revision (1990), 53 Ohio St. 3d 57.]

(No. 88-2159—Submitted February 15, 1990—Decided August 8, 1990.)

Chorpenning, Good & Mancuso Co., L.P.A., and Robert J. DeLambo, for appellant.

Per Curiam. The BTA found that the sale of the subject property was an actual recent sale in an arm's-length transaction and in an amount which reflected the true value of the property. The decision of the BTA is based on sufficient probative evidence of record, is reasonable and lawful, and we affirm.

R.C. 5713.03 reads, in pertinent part, as follows:

"The county auditor, from the best sources of information available, shall determine, as nearly as practicable, the true value of each separate tract * * * of real property * * *. In determining the true value of any tract * * * of real estate under this section, if such tract * * * has been the subject of an arm's length sale between a willing seller and a willing buyer within a reasonable length of time, either before or after the tax lien date, the auditor shall consider the sale price of such tract * * * to be the true value for taxation purposes. However, the sale price in an arm's length transaction between a willing seller and a willing buyer shall not be considered the true value of the property sold if subsequent to the sale:

"(A) The tract * * * of real estate loses value due to some casualty;

"(B) An improvement is added to the property. * * *"

Prior to the amendment of the statute as it reads in its present form, we decided, in State, ex rel. Park Investment Co., v. Bd. of Tax Appeals (1964), 175 Ohio St. 410, 412, 25 O.O. 2d 432, 434, 195 N.E. 2d 908, 910, that the best evidence of true value for real estate taxation purposes was a recent sale in an arm's-length transaction between a willing buyer and a willing seller.

Teaford, Rich, Belskis, Coffman & Wheeler, Jeffrey A. Rich, Rebecca Mills Green and Mark A. Leiendecker, for appellee.

This has been the rule except when the sale price does not reflect the property's true value. *Columbus Bd. of Edn.* v. *Fountain Square Assoc., Ltd.* (1984), 9 Ohio St. 3d 218, 219, 9 OBR 528, 529, 459 N.E. 2d 894, 895; *Ratner* v. *Stark Cty. Bd. of Revision* (1988), 35 Ohio St. 3d 26, 517 N.E. 2d 915.

This court will not substitute its judgment for a decision of the BTA unless it affirmatively appears from the record that such decision is unreasonable or unlawful. *Cuyahoga Cty. Bd. of Revision* v. *Fodor* (1968), 15 Ohio St. 2d 52, 44 O.O. 2d 30, 239 N.E. 2d 25, syllabus.

The appellant failed to submit an appraisal but urged that the sale price was an inappropriate gauge of true value, because the lease was not effective and the improvements to the real estate were not completed until 1987.

We disagree. The evidence shows that in December 1986 the parties to the sale transaction were fully apprised of the existence of the Mid-America Federal lease, and of Ruscilli's guarantee to make the improvements to the real estate and the potential value thereof. These were current factors which affected the sale price, and thus the true value, of the real estate at the time of the sale. Tax listing day was January 1, 1986 and the sale occurred on December 29, 1986, within a reasonable time thereafter. The sale price constitutes a proper measure of true value.

For the reasons set forth, the decision of the BTA is affirmed.

*Decision affirmed.*

MOYER, C.J., SWEENEY, DOUGLAS, H. BROWN and RESNICK, JJ., concur.

HOLMES and WRIGHT, JJ., concur in part and dissent in part.

WRIGHT, J., concurring in part and dissenting in part. I agree with the majority's conclusion that the value of the lease to Mid-America Federal Savings & Loan Association has no effect on the true value of the property for tax purposes. I do not agree, however, that the Board of Tax Appeals' decision regarding the value of the improvements should be affirmed. In my opinion, the true value of the property should be adjusted downward by the amount put in escrow in 1986, yielding a true value for tax purposes of $6,100,000 for tax year 1986.

ArlingGate Plaza Limited Partnership did not pay $6,600,000 for the property as it existed on December 29, 1986, the date of closing. Instead, ArlingGate distinguished between the amount it paid for the property with existing improvements and the amount it set aside for improvements to be added in 1987. At the BTA hearing evidence established that these latter improvements to be made to the portion of the tract leased to Mid-America Federal were projected to cost almost $500,000. To ensure that Ruscilli Investment Company would make these improvements, ArlingGate set aside $500,000 of the $6,600,000 sale price in escrow. The BTA found that this amount was indeed deposited in an escrow account.

R.C. 5713.03 contains a precise statutory exception to its directive that sale price is the measure of true value for tax purposes: "* * * the sale price * * * shall not be considered the true value of the property sold if subsequent to the sale: * * * (B) An improvement is added to the property. * * *" If the true value of property increases with the addition of improvements, it follows that when improvements have not been made, the true value of the property does not increase. The BTA's error lies in its disregard of the fact

that the improvements which the parties estimated would cost $500,000 did not exist in 1986. Nevertheless, ArlingGate's assessment *for tax year 1986* included the value of these improvements. I would have no quarrel with an assessment for tax year 1987 that included the value of the improvements made in 1987, but it is contrary to the intent of the statute to tax ArlingGate on the $500,000 that had been clearly separated from the purchase price of the property as it existed at the end of 1986, when the improvements had not even begun.

The BTA and the Hilliard School District emphasize that ArlingGate failed to submit evidence regarding who paid for the improvements in 1987, how much they cost, and exactly what they included. This information is irrelevant, because the issue is the worth of the projected improvements in 1986. Since they did not yet exist, they added nothing to the value of the property in 1986. The parties could only speculate about the value of the improvements at the time of closing on December 29, 1986. As it happened, the actual cost of the improvements was over $700,000. That amount was the proper basis for ArlingGate's tax assessment in 1987, in accord with R.C. 5713.03(B). However, the issue of value of the property at the time the improvements were added is not before us.

It is clear to me that the parties agreed that the sale price of the property as it existed in December 1986 was $6,100,000. Therefore, I would reverse the BTA's decision as to the true value of the property for tax year 1986, and remand with instructions to reduce the value of the property to $6,100,000.

HOLMES, J., concurs in the foregoing opinion.