8

OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Dublin-Sawmill Properties, Appellant, v. Franklin County Board of Revision et al., Appellees.

[Cite as Dublin-Sawmill Properties v. Franklin Cty. Bd. of Revision (1993), ___ Ohio St.3d ___.]

Taxation — Valuation determination of land by Board of Tax Appeals not reasonable and lawful, when.

(No. 92-1366 — Submitted March 19, 1993 — Decided November 17, 1993.)

Appeal from the Board of Tax Appeals, No. 89-M-497.

In November 1984, appellant, Dublin-Sawmill Properties,

acquired the first of eight parcels of land, totalling 14.0556 acres, upon which it constructed three buildings for use as a shopping center at the southwest corner of State Route 161 and Sawmill Road in Columbus, Ohio. As of tax lien date, January 1, 1987, the shopping center was valued by the Franklin County Auditor at a true value of $5,300,914. That value was accepted by the Franklin County Board of Revision. Upon appeal, the Board of Tax Appeals ("BTA") found the fair market value of the subject property to be $2,944,028 as to the land and $2,356,886 as to the buildings, and affirmed the decision of the board of revision.

The cause is before this court upon an appeal as of right.

_____

Fred Siegel Co., L.P.A., Fred Siegel, Karen H. Bauernschmidt, Todd W. Sleggs and Steven R. Gill, for appellant.

Michael Miller, Franklin County Prosecuting Attorney, and James R. Gorry, Assistant Prosecuting Attorney, for appellee Franklin County Auditor. Teaford, Rich, Coffman & Wheeler and Jeffrey A. Rich, for appellee Dublin City School District Board of Education.

_____

Per Curiam. The question before us is whether the valuation determination by the BTA is reasonable and lawful. We find that it is not.

In the hearing before the BTA, appellant opted to contest the board of revision's true value determination by presenting evidence of the cost of acquisition of the land in question and the construction cost, without presenting any appraisal evidence.

Although appellant initially challenged the BTA's determination as it related to the land and buildings, appellant only challenges the value of the land because the BTA's valuation of the improvements virtually equals appellant's costs of construction.

The BTA found appellant's purchases of portions of the subject real estate, between November 1984 and April and September 1985, "too remote from the tax lien date of January 1, 1987 to be indicative of its current value." In addition, the BTA found "the sale price of the land does not take into consideration increases in value related to * * * the passage of time * * *."

Although there is no statutory guidance for the time frame within which the purchase price of land will govern true value determinations for purposes of real estate taxation, the BTA's decision that appellant's purchases were too remote in time is unreasonable and unlawful.

R.C. 5713.03 provides, in part: "In determining the true value of any tract * * * of real estate under this section, if such tract * * * has been the subject of an arm's length sale between a willing seller and a willing buyer within a reasonable length of time, either before or after tax lien date, the auditor shall consider the sale price of such tract * * * to be the true value for taxation purposes."

In Hilliard City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision (1990), 53 Ohio St.3d 57, 59, 558 N.E.2d 1170, 1172, we said: "Tax listing day was January 1, 1986 and the sale occurred on December 29, 1986, within a reasonable time thereafter. The sale price constitutes a proper measure of true

value."

In the instant appeal, the BTA appears to acknowledge that the land sale of May 1986 was not too remote, since it did not lump that sale with others it characterized as "too remote," even though it did not give that sale any consideration in its determination of true value. That decision by the BTA was unreasonable and unlawful, in light of R.C. 5713.03 and Hilliard, supra. Appellant presented substantial credible evidence of what were indisputably arm's-length sales of portions of the subject property. The May 1986 sale was such a sale. That evidence was entitled to BTA consideration. It was within a reasonable length of time of the tax lien date and, thus, it constituted "a proper measure of true value." Even if the other sales were "too remote," they were some indication of true value and should have been taken into account by the BTA in its deliberations.

Appellant notes that it paid $170,377 per acre for the land. Appellee Dublin City School District's appraiser valued the land at $180,000 per acre. However, the BTA found the value to be $310,580 per acre and there is no probative evidence to support its finding. "The BTA did not explain this discrepancy, and we are unable to understand how such a value can be found." Howard v. Cuyahoga Cty. Bd. of Revision (1988), 37 Ohio St.3d 195, 197, 524 N.E.2d 887, 889.

Accordingly, the decision of the BTA is reversed. The cause is remanded to the BTA so that it can redetermine the true value of the subject property by giving due regard to all the land sales to appellant.

                                        Decision reversed

and cause remanded.

Moyer, C.J., Wright and Resnick, JJ., concur.

Pfeifer, J., concurs in judgment.

A.W. Sweeney, Douglas and F.E. Sweeney, JJ., dissent.

Pfeifer, J., concurring. Given the facts of this case, I concur in this court's judgment. However, our decision today should not be accorded great value as precedent since it is based on an unrealistic method of determining this property's value for tax purposes.

The best way to determine value of property is through appraisal. In this case, one of the parties did submit an appraisal which the BTA correctly rejected as unpersuasive. That appraisal was based on estimates, surveys, and other unverified information rather than on actual information which could have been secured from the property owner. The submitted documents could not even be considered a "windshield appraisal."

The BTA faced the added problem in this case of property which was not yet completely developed at the time of the tax lien date. That fact makes an appraisal especially difficult. Since the project was not yet completed and rented at the time of the tax lien date, income could not be used as a method to determine value. The school board overzealously sought an increased assessment based upon the value of the completed property for a time period before the property was completed.

The difficulty associated with a mid-construction appraisal is the main reason that I concur with the majority opinion in this case. The circumstances of this case have forced this court to allow a determination of value based upon the purchase price of the property. While use of the purchase price was

unfortunately necessary in this case, it is generally overused and overrated as an accurate measure of fair market value.

Purchase price is especially not useful in cases where the cost of assembling the parcels of property may bear no resemblance to the actual value of the property. The developers of a multiparcel tract may pay substantially more than a particular part is worth to complete the set. Once assembled, the new property may become very unique in nature and therefore take on a value that bears no resemblance to the original purchase price. Additionally, a person who falls in love with a unique property and overpays should not be doubly punished by having the purchase price determine the value for taxation. Blind reliance on purchase price to determine fair market value of real estate is simplistic and naive. It is also, however, grounded in statute and in the common law. Beginning with the troubling decision in State ex rel. Park Invest. Co. v. Bd. of Tax Appeals (1964), 175 Ohio St. 410, 412, 25 O.O.2d 432, 434, 195 N.E.2d 908, 910, where this court stated that purchase price is the "best method of determining value," and continuing through the amendment of R.C. 5713.03 by Am.Sub.H.B. No. 290, 136 Ohio Laws, Part II, 3182, 3247, to declare that the price of an arm's-length sale shall be the true value, the usefulness of purchase price for tax purposes has been overrated. In Ratner v. Stark Cty. Bd. of Revision (1986), 23 Ohio St.3d 59, 23 OBR 192, 491 N.E.2d 680, this court began to turn the corner when it held that there is only a presumption that the sale price is the true value, and that the presumption may be rebutted.

In my view, purchase price should be regarded only as "some

evidence of value" for real estate tax purposes and should not be presumed to equate with fair market value. In the event that there is no other reliable evidence regarding value, then purchase price may be used to gauge market value. Unfortunately, other credible evidence was lacking in this case, so purchase price is indeed the best evidence available. I therefore concur.

Douglas, J., dissenting. I respectfully dissent. This is, at best, an "unusual" tax case. The appellant, for whatever reason, chose not to present any appraisal evidence at the hearings before the board of revision or the BTA. Appellee, board of education, presented an extensive appraisal report and the testimony of the appraiser. However, the BTA found the appraisal to be "non-persuasive" because it was based "* * * on estimates, surveys, and other unverified information."

Accordingly, since there was no appraisal evidence on one side and unacceptable (to the BTA) appraisal evidence on the other, the BTA was left with the valuation fixed by the board of revision which, of course, is presumptively correct. See Alliance Towers, Ltd. v. Stark Cty. Bd. of Revision (1988), 37 Ohio St.3d 16, 25, 523 N.E.2d 826, 834, where the lead opinion of this court said that "[t]he taxpayers offered no testimony or evidence that the action of the board of revision was not performed in good faith and in the exercise of sound judgment. Absent this proof, the action of the board of revision must be presumed to be valid. * * *" (Emphasis added.) The decision of the BTA in this case to adopt the valuation of the property as found by the board of revision is neither unreasonable nor unlawful.

Further, in R.R.Z. Assoc. v. Cuyahoga Cty. Bd. of Revision (1988), 38 Ohio St.3d 198, 201, 527 N.E.2d 874, 877, we said that the BTA "* * * has wide discretion to determine the weight given to evidence and the credibility of witnesses before it. Its true value decision is a question of fact which will be disturbed by this court only when it affirmatively appears from the record that such decision is unreasonable or unlawful. * * * This court is not a ' "super" Board of Tax Appeals.' * * * We will not overrule BTA findings of fact that are based upon sufficient probative evidence." (Emphasis added.) There is substantial (sufficient) probative evidence in this record to support the findings of fact of the BTA. The decision of the BTA is neither unreasonable nor unlawful.

Finally, I disagree with the majority that the BTA's decision not to base valuation on sales of the property "within a reasonable length of time * * * [of] tax lien date" was unreasonable and unlawful. In support of its position, the majority cites Hilliard City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision (1990), 53 Ohio St.3d 57, 558 N.E.2d 1170. In Hilliard, the tax listing day was January 1, 1986. The sale of the property occurred on December 29, 1986. We found that this slightly less than one-year period met the R.C. 5713.03 test of "a reasonable length of time." In the case at bar, much of the land was purchased in November of 1984 and April and September of 1985. The tax lien date in this case is January 1, 1987. The BTA found, and I agree, that the purchase dates were "too remote" from the tax lien date to be indicative of current value. It does not take much judicial notice to recognize that

the property at the intersection of State Route 161 and Sawmill Road in Columbus, Ohio, had a higher (maybe even substantially higher) value in 1987 than it did in 1984 and 1985. The decision of the BTA was neither unreasonable nor unlawful.

I would affirm the decision of the BTA. Since the majority opinion does not do so, I must respectfully dissent.

A.W. Sweeney and F.E. Sweeney, JJ., concur in the foregoing dissenting opinion.