OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio.  Attention:  Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE:  Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public.  The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Zukowski et al., Appellants, v. Franklin County Board of Revision et al, Appellees.
[Cite as Zukowski v. Franklin Cty. Bd. of Revision (1994), Ohio St.3d     .]
Taxation -- Real property valuation -- Decision of Board of Tax
    Appeals not unreasonable nor unlawful when complainant
    fails to carry his burden of proof in seeking reduction in
    true value of newly constructed home.
    (No. 93-1912 -- Submitted July 8, 1994 -- Decided October 5, 1994.)
    Appeal from the Board of Tax Appeals No. 93-B-279.
    In November 1991, Andrew Zukowski and Teresa Zukowski ("Zukowski"), appellants, purchased a newly constructed home from a builder for $101,000.  Zukowski claimed that the house was not completed in compliance with the purchase contract as of tax listing day, January 1, 1992, and filed a complaint with the Franklin County Board of Revision as to the county auditor's assessed true value of $106,900.  The board of revision found the true value to be $101,000, and Zukowski appealed to the Board of Tax Appeals ("BTA").  Following a hearing, the BTA affirmed, finding that the purchase was an arm's-length transaction and that the true value of the house was $101,000.
    The cause is now before this court upon an appeal as of right.

    Andrew G. Zukowski and Teresa Zukowski, pro se.
    Michael Miller, Franklin County Prosecuting Attorney, and James R. Gorry, Assistant Prosecuting Attorney, for appellees.

    Per Curiam.  The BTA was correct in determining that the purchase price in an arm's-length transaction is determinative of true value.  State ex rel. Park Invest. Co. v. Bd. of Tax Appeals (1964), 175 Ohio St. 410, 412, 25 O.O.2d 432, 434, 195 N.E. 2d 908, 910.
    The BTA has wide discretion to determine the weight given to evidence and the credibility of witnesses before it.  Its true value decision is a question of fact which will be

disturbed by this court only when it affirmatively appears from the record that such decision is unreasonable or unlawful. Cardinal Fed. S. & L. Assn. v. Cuyahoga Cty. Bd. of Revision (1975), 44 Ohio St.2d 13, 73 O.O.2d 83, 336 N.E.2d 433.

Appellant has the burden of establishing his right to a reduction in true value. R.R.Z. Assoc. v. Cuyahoga Cty. Bd. of Revision (1988), 38 Ohio St.3d 198, 202, 527 N.E.2d 874, 878.

Zukowski, pointing to the alleged failure of the builder to complete construction of the house in accordance with the contract to purchase, argued that the home's true value should have been $85,100 on tax listing day because the additional cost to correct the defects in the house was $15,900. However, the BTA found that Zukowski failed to offer the purchase contract as evidence at the BTA hearing or to present other evidence to establish his claim, and thus he failed to carry his burden of proof. We agree.

The decision of the BTA was not unreasonable nor unlawful and it is affirmed.

Decision affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick and F.E. Sweeney, JJ., concur.

Pfeifer, J., concurs separately.

Pfeifer, J., concurring. Given the facts of this case, I concur in the judgment of the majority. However, for the reasons stated in my concurrence in Dublin-Sawmill Properties v. Franklin Cty. Bd. of Revision (1993), 67 Ohio St.3d 575, 577, 621 N.E.2d 693, 694, purchase price should be regarded only as "some evidence of value" for real estate tax purposes and should not be presumed to equate with fair market value. In the event that there is no other reliable evidence regarding value, then purchase price may be used to gauge market value. Unfortunately, other credible evidence was lacking in this case, so purchase price is indeed the best evidence available. I therefore concur.