ZUKOWSKI ET AL., APPELLANTS, *v.* FRANKLIN COUNTY
BOARD OF REVISION ET AL., APPELLEES.

[Cite as *Zukowski v. Franklin Cty. Bd. of
Revision* (1994), 70 Ohio St.3d 503.]

(No. 93–1912—Submitted July 8, 1994—Decided October 5, 1994.)

*Andrew G. Zukowski* and *Teresa Zukowski, pro se.*

*Michael Miller,* Franklin County Prosecuting Attorney, and *James R. Gorry,* Assistant Prosecuting Attorney, for appellees.

*Per Curiam.* The BTA was correct in determining that the purchase price in an arm's-length transaction is determinative of true value. *State ex rel. Park Invest. Co. v. Bd. of Tax Appeals* (1964), 175 Ohio St. 410, 412, 25 O.O.2d 432, 434, 195 N.E.2d 908, 910.

The BTA has wide discretion to determine the weight given to evidence and the credibility of witnesses before it. Its true value decision is a question of fact which will be disturbed by this court only when it affirmatively appears from the record that such decision is unreasonable or unlawful. *Cardinal Fed. S. & L. Assn. v. Cuyahoga Cty. Bd. of Revision* (1975), 44 Ohio St.2d 13, 73 O.O.2d 83, 336 N.E.2d 433.

Appellant has the burden of establishing his right to a reduction in true value. *R.R.Z. Assoc. v. Cuyahoga Cty. Bd. of Revision* (1988), 38 Ohio St.3d 198, 202, 527 N.E.2d 874, 878.

Zukowski, pointing to the alleged failure of the builder to complete construction of the house in accordance with the contract to purchase, argued that the home's true value should have been $85,100 on tax listing day because the additional cost to correct the defects in the house was $15,900. However, the BTA found that Zukowski failed to offer the purchase contract as evidence at the BTA hearing or to present other evidence to establish his claim, and thus he failed to carry his burden of proof. We agree.

The decision of the BTA was not unreasonable or unlawful and it is affirmed.

*Decision affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK and F.E. SWEENEY, JJ., concur.

PFEIFER, J., concurs separately.

PFEIFER, J., concurring. Given the facts of this case, I concur in the judgment of the majority. However, for the reasons stated in my concurrence in *Dublin–Sawmill Properties v. Franklin Cty. Bd. of Revision* (1993), 67 Ohio St.3d 575, 577, 621 N.E.2d 693, 694, purchase price should be regarded only as "some

evidence of value" for real estate tax purposes and should not be presumed to equate with fair market value. In the event that there is no other reliable evidence regarding value, then purchase price may be used to gauge market value. Unfortunately, other credible evidence was lacking in this case, so purchase price is indeed the best evidence available. I therefore concur.