JOURNAL ENTRY AND OPINION
Appellant, Ohio Locomotive Crane Co., Inc. is appealing the decision of the Ohio Board of Tax Appeals, denying appellant's objections to the increased valuation of certain property on appellant's personal property tax returns for 1992, 1993 and 1994. For the following reasons, we affirm in part, reverse in part, and remand.
Appellant manufactured locomotive cranes and agricultural ditchers. The locomotive cranes are special ordered, and may take six to eighteen months to build. The company's fiscal year ends June 30.
Appellant asserted that three categories of property should be valued at less than book value. These include obsolete inventory for the cranes; items not sold for the cranes and the ditcher product line inventory. Ditcher Inventory
In 1990, Appellant entered into negotiations with Mr. Hoelscher of HS company to sell the entire ditcher operation. The negotiations continued until December, 1992, when the operation was sold for $890,000. The purchase agreement states that the purchase price of $555,000 for the ditcher operation was allocated as follows: $35,000 to the covenant not to compete; $20,000 to equipment; and $500,000 to parts inventory. Hoelscher paid $335,000 for four ditchers in various stages of completion.
Appellant contended that on the 1992 and 1993 returns, the ditcher inventory should be valued at the selling price of $890,000, not the book value of $1,582,397. Appellant recorded a loss of $692,000. The Tax Commissioner denied the reduction in value for the ditcher inventory, and used the book value. Before the Board of Tax Appeals, appellant computed the amount of reduction in value of inventory as a percentage of the loss on sale over book value. The amount of the asserted reduction was $669,324 in 1992 and $690,284 in 1993. Crane Inventory
As originally filed, the personal property tax returns counted any inventory greater than one year old as obsolete, having no value. Appellant abandoned this position. Before the Tax Commissioner, appellant argued that the obsolete inventory should be valued at the higher of the liquidation appraisal value or 49% of book value.
The 49% figure was the actual sale price for the ditcher division. The liquidation appraisal value was determined by IPC Levy Co. IPC's appraisal was performed in order to determine the value of inventory for appellant's lending bank.
Appellant submitted a brief to the tax commissioner which stated that the obsolete crane inventory was not scrapped because customer demand may arise for the items. Another reason appellant did not reduce the book inventory was because a decrease in net worth would cause their lender to recall the loan.
The Tax Commissioner found that the liquidation appraisals were not probative evidence. Appellant was not being liquidated, but held the inventory as a going concern. The commissioner further found that the crane inventory had value, as appellant kept the inventory to service its customers. Appellant did not present sufficient evidence to demonstrate the reduction in book value. Appellant could not compute the value of the crane inventory based on the 49% figure from the ditcher inventory.
Before the Board of Tax Appeals, Richard Tinkey testified that he is chief financial officer of Ohio Locomotive Crane. The inventory not sold consists of parts that were ordered for specific cranes, but never ended up on the crane, due to design changes. After the crane is built, the parts have no value. These parts were never scrapped. They will be scrapped when the company has enough income so the scrap will not result in a net loss. Appellant submitted a list of items which never sold held for the 1992, 1993 and 1994 tax periods. The amount of inventory not sold is $40,757 in 1992; $43,680 in 1993 and $47,911 in 1994.
Mr. Tinkey further testified that the obsolete inventory had not been used in at least three years as of 1992, and had no value. The obsolete inventory consisted of items primarily used to produce cranes, but the items were sometimes sold to an outside customer. The inventory built up because of decreased sales. Some of the inventory was for the old Ohio model, which is no longer produced. Most of the obsolete inventory was sold for scrap in June, 1996.
The inventory was not scrapped earlier in order to avoid a decrease in net worth on the balance sheet. A decrease in net worth would cause the bank to recall appellant's loan, and suppliers would be reluctant to give appellant credit. Appellant was able to scrap the inventory in 1996 because they had net income that year. Tinkey felt that customer demand existed for inventory greater than one year old, but definitely not for inventory greater than seven years old.
Mr. John Robert Withee testified that he is an expert in commercial lending. Inventory that is greater than five years old has zero value as collateral for commercial lending purposes. If a company scrapped a large portion of its inventory, decreasing the net worth, the bank may call the loan to the company. The decreased net worth would have a negative impact on vendors.
The Board of Tax Appeals found that appellant did not present sufficient evidence to show that the value of the inventory was less than book value. Mr. Withee testified as to the liquidation value, which is different than the value to a going concern.
 I.
Appellant's first assignment of error states:
 THE DECISION OF THE BOARD OF TAX APPEALS IS UNLAWFUL, UNREASONABLE AND CONTRARY TO THE EVIDENCE BECAUSE THE BOARD REJECTED UNDISPUTED EVIDENCE SHOWING THE TRUE VALUE OF A PORTION OF APPELLANT'S INVENTORY SOLD DURING 1992, AFTER TWO YEARS OF NEGOTIATIONS, IN AN ARM'S LENGTH TRANSACTION FOR SUBSTANTIALLY LESS THAN BOOK VALUE AND CONCLUDED THAT THE INVENTORY SHOULD BE VALUED AT BOOK VALUE FOR THE TAX YEARS IN QUESTION.
The Court of Appeals must affirm a decision of the Board of Tax Appeals if it is found to be reasonable and lawful, and it may reverse if the decision is unreasonable or unlawful. Mercury Machine Co. v. Limbach (1994), 94 Ohio App.3d 116; Joseph Feiss Co. v. Lindley (1983), 11 Ohio App.3d 80. A decision may also be reversed if it is against the manifest weight of the evidence. Joseph Feiss, supra. The BTA has wide discretion in determining the weight of the evidence and the credibility of the witnesses. C D Truck Equip. Serv., Inc. v. Tracy (1996), 113 Ohio App.3d 556,559. The taxpayer has the burden to prove his right to a deduction and he is not entitled to the full amount of deduction claimed merely because no evidence is adduced contra his claim. Hibschman v. Bd. of Tax Appeals (1943), 142 Ohio St. 47, 48.
 In the case of personal property used in business, the book value thereof less book depreciation at such time shall be listed, and such depreciated book value shall be taken as the true value of such property, unless the assessor finds that such depreciated book value is greater or less than the then true value of such property in money.
R.C. 5711.18. The tax commissioner must consider all competent evidence indicating that the book value is greater or less than the true value in money. PPG Industries, Inc. v. Kosydar (1981),65 Ohio St.2d 80.
The best evidence of the "true value in money" of tangible personal property is the proper allocation of the purchase price of an actual, recent sale of the property in an arm's-length transaction. Tele-Media Co. of Addil v. Lindley (1982), 70 Ohio St.2d 284. The Board of Tax Appeals is not required to accept the taxpayer's allocation of a portion of a purchase price of a group of assets, if that allocation does not reflect the true value. Elsag-Bailey, Inc. v. Lake Cty. Bd. of Revision (1996), 74 Ohio St.3d 647; Consol. Aluminum Corp. v. Monroe Cty. Bd. of Revision (1981), 66 Ohio St.2d 410. If it is not possible to allocate the lump sum purchase price based on the evidence presented, the Board must base the true value on all the competent evidence. Elsag-Bailey; Consol. Aluminum, supra. If there is no evidence as to the allocation of assets, the lump sum sale price should still be used to determine true value. Conalco, Inc. v. Monroe County Bd. Of Revision(1977), 50 Ohio St.2d 129. The failure of a common pleas court to consider evidence of a recent sale of the subject property constitutes an abuse of discretion. See Concord Plaza General Partnership v. Lake County Auditor (Dec. 13, 1991), Lake App. No. 90-L-15-113, unreported. If an allocation is not established, the lump sum price can be the true value, unless the tax commissioner proves the true value is a greater amount. See Bd. Of Educ. Princeton City School Dist. v. Hamilton Co. Bd. of Review (July 8, 1992), Hamilton App. No. C-910397, unreported; Concord Plaza, supra.
In this case, the Board found that appellant did not present any evidence to show how the allocation was made between the ditcher assets. Appellant asserts that the lump sum price of $890,000 should be used as the true value of the inventory. The lump sum price is the maximum sale price of the inventory. There was no evidence that the fair market value of the inventory was greater than $890,000. Appellant met its burden to demonstrate that it was entitled to a reduction in the value of the ditcher inventory, based on the lump sum sale price.
A sale which occurs after the tax year may establish the value of an asset for that tax year. A sale five months after the end of the tax year established the true value of the personal property for the tax year, if there was no evidence of a change in circumstances from the tax year end to the sale. Grabler v. Kosydar (1975), 43 Ohio St.2d 75; Joseph Feiss, supra. This is true, particularly if the attempt to sell the property started in the previous tax year. Grabler Mfg. Co., supra. The sale must occur within a reasonable time after the end of the tax year. Grabler, Joseph Feiss, supra. A sale within one year of the end of the tax year may be used to determine true value. Hilliard City School Dist. Bd. Of Edn. v. Franklin Cty. Bd. of Revision (1990),53 Ohio St.3d 57, 59. In fact, a sale six years after the end of the tax year can be an accurate reflection of true value. See Chase Brass Copper Co. Inc. v. Lindler (May 18, 1981), Ohio Bd. of Tax Appeals Case No. 78-B-661, 78-B-662, 78-B-665.
We find that the sale which occurred eighteen months after the tax year end 6-30-91 and six months after the tax year end 6-30-92, occurred within a reasonable time. There was no evidence of any change in circumstances from the tax year end to the sale.
Therefore, the Board's finding that appellant should not receive the reduction for the ditcher inventory was unreasonable, unlawful and not supported by the evidence.
Accordingly, this assignment of error is sustained.
 II.
Appellant's second assignment of error states:
 THE DECISION OF THE BOARD OF TAX APPEALS IS UNLAWFUL, UNREASONABLE AND CONTRARY TO THE EVIDENCE BECAUSE THE BOARD REJECTED REDUCTIONS IN THE BOOK VALUE OF INVENTORIES SO AS TO REFLECT TRUE VALUE AS REQUIRED BY THE STATUTE.
If the taxpayer presents sufficient evidence that some of the inventory was obsolete and worthless during the tax year, the inventory was written off during the tax year and was scrapped several months after the tax year end, the amount of the obsolete inventory may be subtracted from the value of the inventory on the personal property tax return. Combustion Engineering, Inc. v. Limbach (Sept. 25, 1992), Ohio Bd. of Tax Appeals Case No. 89-X-1018. If a company writes off obsolete inventory via a reserve account, actually discards more than the reserve account, and the Board finds credible evidence that inventory greater than two years old is obsolete, the company is entitled to deduct the obsolescence reserve from the value of inventory. Norstan/Electronic Engineering Co. v Limbach, (Jun. 25, 1993) Ohio Bd. Tax Appeals Case No. 89-J-838.
A taxpayer has not shown that the inventory was obsolete by writing off a certain percentage of inventory based on future demand. Duriron Co. v Limbach (9-25-92), Ohio Board of Tax Appeals Case No. 89-M-446. The taxpayer did not substantiate why a certain percentage write-off was taken for a certain number of years' supply of inventory. Id. Moreover, the taxpayer did not scrap any of the inventory. Id. If the items are still on hand and available for sale, and some items were actually sold, the Board can find that the items were not obsolete. Hercules Motors Corporation v. Bowers (Sep. 10, 1963), Ohio Bd. of Tax Appeals Case No. S1462. Inventory that is technically obsolete, but is held for a limited purpose to service customers does have some value. See Norstan, supra.
In this case, appellant's brief before the tax commissioner stated that the inventory was held in case a customer needed a part. Mr. Tinkey testified that a customer could potentially buy an item less than seven years old. Appellant did not write off or scrap the obsolete inventory until years after the tax year end. Mr. Withee's testimony established the liquidation value of the inventory, which was not the same as the value of a going concern. Based on this evidence, the Board could find that appellant was not entitled to the deductions from the crane inventory. The Board did not have to accept Mr. Tinkey's testimony that the items greater than three years old were obsolete, given the evidence in this case. As noted above, the credibility of the witnesses are primarily for the Board.
The Board's denial of reductions for the crane inventory was not unlawful, unreasonable or against the manifest weight of the evidence.
Accordingly, this assignment of error is overruled.
The decision of the Board of Tax Appeals is affirmed in part and reversed in part, and remanded for further proceedings in accordance with this opinion.
It is ordered that appellee and appellant split the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Board of Tax Appeals to carry this judgment into execution.
ROCCO, J., AND PORTER, J., CONCUR.
ANN DYKE, ADMINISTRATIVE JUDGE