Pfeifer, J.,
dissenting.
{¶ 30} I continue to believe that “[b]lind reliance on purchase price to determine fair market value of real estate is simplistic and naive.” Dublin-Sawmill Properties v. Franklin Cty. Bd. of Revision, 67 Ohio St.3d 575, 578, 621 N.E.2d 693 (1993) (Pfeifer, J., dissenting). Unfortunately, a majority of this court continues to adhere to the unnecessarily rigid standard that forms the basis of its opinion in this case. Fortunately, based on recent changes to the statutory scheme, entities involved in the valuation of real estate for taxation purposes, including this court, will be required to adopt a more nuanced approach. As of 2012, R.C. 5713.03 requires county auditors to determine the “true value of the fee simple estate, as if unencumbered” and allows, but does not require, county auditors to consider a recent arm’s-length transaction as the true value for taxation purposes. 2012 Am.Sub.H.B. No. 487. These changes are welcome because they more accurately reflect reality than the court’s current interpretation of the statutory scheme.
{¶ 31} Our court is not required to adhere to the rigid standard that we unnecessarily adopted and have slavishly followed. The statutory scheme that governs this case is not as rigid as this court’s approach has been, as I explained in my dissent in Berea City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision, 106 Ohio St.3d 269, 2005-Ohio-4979, 834 N.E.2d 782. It is possible to allow evidence of facts and circumstances that affect true value, including the effect of encumbrances and the impact of a 1031 exchange. I would allow HIN to present evidence of the true value of its real estate. I dissent.