**[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 656.]**

EDBOW, INC., APPELLEE, *v.* FRANKLIN COUNTY BOARD OF REVISION ET AL.,

APPELLANTS.

[Cite as *Edbow, Inc. v. Franklin Cty. Bd. of Revision*, 1999-Ohio-331.]

*Taxation—Real property valuation of four-story office building—True value—*
  *Board of Tax Appeals' valuation of property reasonable and lawful, when.*

(No. 98-1809—Submitted March 17, 1999—Decided June 23, 1999.)

APPEAL from the Board of Tax Appeals, No. 96-T-476.

_____

{¶ 1} Edbow, Inc., appellee, owns a four-story office building at 665 East Dublin-Granville Road in Columbus, which was built in 1972. For the tax year 1993, Edbow filed a complaint with the Franklin County Board of Revision ("BOR"), appellant, seeking to reduce the true value of the property from $639,200, which the Franklin County Auditor had placed on it. The Columbus Board of Education ("Columbus"), appellant, filed a complaint with the BOR countering Edbow's complaint.

{¶ 2} The BOR conducted a hearing on these complaints. At the hearing, Edbow presented Brent G. Davis, who holds an Ohio Real Estate Appraisal Certificate, to offer an appraisal report and expert testimony on the true value of the property. He testified that the true value of the property was $400,000.

{¶ 3} Columbus cross-examined Davis. Columbus questioned Davis about various aspects of his report, including his selection of vacancy rates and comparable sales. Columbus, however, did not present any evidence attempting to value the property. In any event, the BOR decided to retain the auditor's true value determination.

{¶ 4} Edbow appealed the BOR's decision to the Board of Tax Appeals ("BTA"). All parties waived an evidentiary hearing in the appeal, and the BTA

decided the matter after considering the statutory transcript certified to it by the BOR and the briefs filed by the parties. The BTA found that the true value of the property was $399,600, essentially the value attested to by Davis.

{¶ 5} In its decision, the BTA recounted Davis's report and testimony. In analyzing this evidence, the BTA rejected Davis's market-data approach because insufficient evidence rendered it incompetent and not probative of value. The BTA, however, adopted Davis's income approach as the true value of the property. The BTA found the market rents to be reasonable because the comparable rental properties were similar in age, condition, and amenities offered to Edbow's tenants.

{¶ 6} The BTA also accepted Davis's vacancy and credit loss rate of twenty percent because the market near the property saw vacancy rates of thirty percent to fifty percent, and because Davis's testimony that these rates were declining credibly and competently supported the rate Davis selected. According to Davis, this property experienced a forty-percent vacancy rate in 1993.

{¶ 7} The BTA, next, found that Davis's expense rates were in line with actual expenses for the property, contrary to appellants' claim. The BTA concluded that the high vacancy rate in the area supported the reasonableness of the high "expense to effective gross income ratio." In the final analysis, the BTA decided that Edbow had proven, by competent and probative evidence, that the true value of the property was $399,600.

{¶ 8} This cause is now before the court upon an appeal as of right.

———————————

*Todd W. Sleggs & Associates*, *Todd W. Sleggs* and *Susan K. French-Scaggs*, for appellee.

*Ron O'Brien*, Franklin County Prosecuting Attorney, and *Matthew H. Chafin*, Assistant Prosecuting Attorney, for appellants Franklin County Auditor and Franklin County Board of Revision.

*Teaford, Rich & Wheeler, Jeffrey A. Rich* and *James R. Gorry*, for appellant Columbus Board of Education.

_____

***Per Curiam.***

{¶ 9} Appellants argue that the BTA cannot accept the opinion of a witness who did not appear personally before the BTA and that Davis's appraisal report is not competent evidence of the true value of the property. Edbow contends that it met its burden to prove the value of the property and that the evidence was competent and probative.

{¶ 10} We hold that sufficient, probative evidence of record supports the BTA's factual findings and the BTA exercised sound discretion in ruling on the credibility of witnesses and the weight attributed to the evidence. Our analysis of the evidence and our reading of the statutes and case law confirm the BTA's conclusion as to the true value of the property. Consequently, we affirm the BTA's decision.

{¶ 11} In *Strongsville Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision* (1997), 77 Ohio St.3d 402, 405, 674 N.E.2d 696, 699, we set forth our role in reviewing appeals from the BTA:

"Consequently, we affirm the BTA's basic factual findings if sufficient, probative evidence of record supports these findings. We also affirm the BTA's rulings on credibility of witnesses and weight attributed to evidence if the BTA has exercised sound discretion in rendering these rulings. Finally, we affirm the BTA's findings on ultimate facts, *i.e.*, factual conclusions derived from given basic facts [citation omitted], if the evidence the BTA relies on meets these above conditions, and our analysis of the evidence and reading of the statutes and case law confirm its conclusion. After meeting all these prerequisites, the BTA's decision would, thus, be reasonable and lawful, pursuant to R.C. 5717.04."

**{¶ 12}** Appellants chiefly complain that the BTA could not grant credibility to Davis because he did not testify before the BTA. Appellants argue that the BTA unreasonably granted credibility to Davis and weight to his report.

**{¶ 13}** However, "the BTA has wide discretion to accept all, part or none of the testimony of any appraiser presented to said board. * * * Absent a showing of abuse of that discretion, the BTA's determination as to the credibility of witnesses and weight to be given their testimony will not be reversed by this court." *Witt Co. v. Hamilton Cty. Bd. of Revision* (1991), 61 Ohio St.3d 155, 157, 573 N.E.2d 661, 663. Thus, appellants must show that the BTA abused its discretion in granting credibility to witnesses and weight to evidence, not that the BTA unreasonably believed the testimony. Appellants, here, made no such showing.

**{¶ 14}** Moreover, we have ruled that the BTA must review the transcript certified to it by the BOR. "Thus, if the only evidence before the BTA is the statutory transcript from the board of revision, the BTA must make its own independent judgment based on its weighing of the evidence contained in that transcript." *Columbus Bd. of Edn. v. Franklin Cty. Bd. of Revision* (1996), 76 Ohio St.3d 13, 15, 665 N.E.2d 1098, 1101; R.C. 5717.01. "In fact, the evidence contained in the record to the BTA from the board of revision may be used as the *sole basis* for deciding the appeal." (Emphasis added.) *Dublin Senior Community L.P. v. Franklin Cty. Bd. of Revision* (1997), 80 Ohio St.3d 455, 461, 687 N.E.2d 426, 431. Accordingly, the BTA did not err in reviewing the evidence Davis presented to the BOR and contained in its transcript certified to the BTA, or in granting credibility to Davis and weight to his report.

**{¶ 15}** As to appellants' claim that they had no meaningful opportunity to cross-examine Davis, they could have subpoenaed him at the BTA. Despite appellants' contention that Edbow held an uncontestable right to waive a hearing, Ohio Adm.Code 5717-1-15(B) provides that a BTA hearing "may be waived, in writing, with the consent of all parties and the board. If waived, the board may

4

proceed to decide the case upon the record." Appellants joined in waiving the hearing; after doing so, as the rule states, the BTA could decide the case on the record.

{¶ 16} Finally, appellants claim that Davis's report is not competent evidence, and they focus on the operating expenses Davis included in his report. We find that the BTA adequately explained why it accepted Davis's expense amounts. According to the BTA, the expenses were in line with actual expenses for the property and were, according to Davis, in line with expenses at comparable properties. The BTA decides these kinds of factual matters. *Wolf v. Cuyahoga Cty. Bd. of Revision* (1984), 11 Ohio St.3d 205, 207, 11 OBR 523, 524, 465 N.E.2d 50, 52. Appellants did not present any competing evidence to rebut these factual findings.

{¶ 17} Accordingly, we hold that the BTA's decision is reasonable and lawful, and we affirm it.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————