OPINION
{¶ 1} Defendant-appellant, Robert Crowder, appeals his conviction in the Butler County Court of Common Pleas for possession of cocaine. We affirm the decision of the trial court.
 {¶ 2} On May 9, 2001, Butler County Sheriff's deputies arranged to purchase cocaine through a confidential informant. The informant gave Fred Bolden money to purchase the drugs. Bolden went to another residence and obtained the cocaine, then returned and completed the sale.
 {¶ 3} Deputies conducted a search warrant on the residence where Bolden obtained the cocaine. When they attempted to enter the door, someone held it closed from the inside. When they forced the door open and entered, deputies observed two males running toward the back of the trailer. Deputies followed them and discovered three men in the bathroom and noticed that the toilet was running. Deputies rushed outside to disconnect the plumbing and discovered a bag with rock-like substances in the drain.
 {¶ 4} Appellant was found lying in the bathroom over a heat register vent. A baggie with a rock-like substance was discovered inside the heat register. Deputies also found a digital scale and plastic baggies in the bathroom. A search of the living room revealed another plastic baggie containing a rock-like substance and a baggie of marijuana. More baggies containing a rock-like substance were found in the bedroom. The rock-like substances tested positive for cocaine.
 {¶ 5} Appellant was charged with possession of cocaine and tampering with evidence. A jury found him guilty of possession of cocaine and not guilty of tampering with evidence. He was sentenced to seven years imprisonment, fined $10,000, and his operator's license was suspended for five years. Appellant now appeals his conviction and raises two assignments of error.
Assignment of Error No. 1
 {¶ 6} "The trial court erred to the prejudice of the defendant/appellant in finding him guilty of the offense of possession of cocaine as the evidence was insufficient to support a guilty finding."
Assignment of Error No. 2
 {¶ 7} "The trial court erred to the prejudice of the defendant/appellant in finding him guilty of the offense of possession of cocaine as the verdict of the jury is not supported by the manifest weight of the evidence."
 {¶ 8} In his first assignment of error, appellant contends that there was insufficient evidence to support his conviction. When reviewing the sufficiency of the evidence to support a criminal conviction, an appellate court's function is to examine the evidence admitted at trial to determine whether such evidence, viewed in a light most favorable to the prosecution, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Goodwin, 84 Ohio St.3d 331, 343-44,1999-Ohio-331; State v. Jenks (1991), 61 Ohio St.2d 259, paragraph two of the syllabus.
 {¶ 9} Appellant was convicted of possession of cocaine in violation of R.C. 2925.11(A). This provision states, "[n]o person shall knowingly obtain, possess or use a controlled substance." Appellant argues on appeal that the evidence was insufficient to show that he had possession of the cocaine.
 {¶ 10} "Possession" can either be actual or constructive. Statev. Wolery (1976), 46 Ohio St.2d 316, 329; State v. Scalf (1998),126 Ohio App.3d 614, 619. A person has constructive possession of an object when he is conscious of the presence of the object and able to exercise dominion and control over it, even if it is not within his immediate physical possession. State v. Hankerson (1982), 70 Ohio St.2d 87, syllabus; State v. Thomas (1995), 107 Ohio App.3d 239, 244. Dominion and control can be proven by circumstantial evidence alone. State v.Scalmato (Mar. 20, 1997), Cuyahoga App. No. 70822; see, also, State v.Jenks, 61 Ohio St.3d at 272. Readily usable drugs in close proximity of an accused may constitute sufficient and direct circumstantial evidence to support a finding of constructive possession. State v. Pruitt (1984),18 Ohio App.3d 50, 58; Hamilton v. Barnett (Aug. 3, 1998), Butler App. No. CA97-11-222.
 {¶ 11} We find more than sufficient evidence to support appellant's conviction. Although appellant testified that he rarely stayed at the trailer, evidence at trial established that appellant resided at the residence, and knew that there were drugs in the trailer. When asked for his address by a deputy, appellant gave the address of the trailer. A utility bill for the residence was found with appellant's name on it. In addition, appellant told a deputy that the cocaine was coming from Dayton, and when he was found, appellant was lying over a vent where cocaine was discovered. This evidence is sufficient to establish that appellant was aware of the presence of drugs in the trailer and that he had dominion and control over the cocaine. Appellant's first assignment of error is overruled.
 {¶ 12} In his second assignment of error, appellant contends that his conviction is against the manifest weight of the evidence. An appellate court will not reverse a judgment as against the manifest weight of the evidence in a jury trial unless it unanimously disagrees with the fact-finder's resolution of any conflicting testimony. State v.Thompkins, 78 Ohio St.3d 380, 389, 1997-Ohio-54. The standard for reversal of a verdict which is against the manifest weight of the evidence has been summarized as follows:
 {¶ 13} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Thompkins at 387, quoting State v. Martin (1983),20 Ohio App.3d 172, 175.
 {¶ 14} In making this analysis, the reviewing court must be mindful that the original trier of fact was in the best position to judge the credibility of the witnesses and the weight to be given to the evidence. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 15} Appellant again argues that the evidence does not show that he had possession of the cocaine. As discussed above, we disagree. Appellant also argues that it is not clear how the jury came to its verdict because he was charged in the indictment with possession of more than 25 grams, but less than 100 grams, but the jury only found him guilty of possession of ten to 25 grams. Appellant speculates that the jury must have divided the total amount of cocaine between the persons in the trailer and convicted him of that amount.
 {¶ 16} While the exact rationale used by the jury is not determinable on appeal, there is evidence that appellant was found hiding in the bathroom over a heat register vent which contained 18.5 grams of cocaine. The jury could have reasonably found that appellant had dominion and control over this specific amount of cocaine. Thus, we find his conviction was not against the manifest weight of the evidence. Appellant's second assignment of error is overruled.
Judgment affirmed.
VALEN, P.J., and WALSH, J., concur.