OPINION
{¶ 1} Defendant-appellant, Gregory P. Kirby, appeals his conviction in the Butler County Court of Common Pleas for driving under the influence of alcohol (DUI) in violation of R.C. 4511.19(A)(1). We affirm the decision of the trial court.
 {¶ 2} Shortly after midnight on October 7, 2000, Middletown Police Officer Christopher Alfrey observed appellant pull very quickly out of a parking lot without stopping for traffic. The officer observed that appellant was driving at a high rate of speed and that, although it was dark, appellant failed to turn on the vehicle's headlights. Officer Alfrey followed the vehicle, and approximately a block later appellant turned on the vehicle's headlights. The officer activated his lights and siren and stopped appellant. Appellant exited his vehicle and began to walk towards the officer. Officer Alfrey recognized appellant and knew that there was an outstanding warrant for his arrest.
 {¶ 3} Officer Alfrey noticed that appellant was unsteady on his feet and was not walking in a straight line toward him. When he spoke to appellant, the officer noticed a strong smell of alcohol, that appellant's eyes were bloodshot and that his speech was slurred. Appellant told Officer Alfrey that he had just come from the Electric Avenue bar.
 {¶ 4} Officer Alfrey requested that appellant perform field sobriety tests and appellant agreed. The officer first administered the horizontal gaze nystagmus (HGN) test by asking appellant to follow his pen with his eyes only. However, appellant did not follow the pen at all, and instead stared straight ahead. Officer Alfrey then demonstrated the walk and turn test and asked appellant to perform nine steps, heel to toe, keeping his hands down at his sides and to start only after instructed. He then instructed appellant to walk nine steps, heel to toe, pivot, turn back and walk nine steps, heel to toe, towards the officer. Appellant took approximately three steps, turned around and informed Officer Alfrey that he did not want to perform any more tests. Appellant then turned around and placed his hands behind his back and Officer Alfrey handcuffed and arrested him.
 {¶ 5} Appellant was indicted for DUI and for driving under suspension in violation of R.C. 4507.02. He was indicted for a third-degree felony on the DUI charge because of a prior felony DUI conviction. Appellant then filed a Motion to Suppress/Motion in Limine, alleging that the officer did not have probable cause to arrest him, that the tests were done in violation of his rights, and that the test results were inadmissible due to the manner in which they were conducted. After a hearing, the trial court found that Officer Alfrey had probable cause to stop and detain appellant because of the traffic violations. The trial court further found that the officer had decided to arrest appellant based on the outstanding warrant, and properly continued his investigation of the traffic stop. However, the trial court determined that Officer Alfrey could not testify that appellant failed the tests because they were not performed in strict compliance with regulations, but that the officer could testify about his observations during the test.
 {¶ 6} A jury found appellant guilty of both DUI and driving under a suspension. The trial court sentenced appellant to three years in prison on the DUI, imposed a fine of $1,000 and suspended appellant's license for life. Appellant was also sentenced to six months in county jail, concurrent with his prison term, on the driving under a suspension conviction.
 {¶ 7} Appellant now appeals his conviction for DUI and raises three assignments of error.
Assignment of Error No. 1
 {¶ 8} "The court erred in denying appellant's motion to suppress."
Assignment of Error No. 2
 {¶ 9} "The evidence was insufficient to convict for R.C. 4511.19."
Assignment of Error No. 3
 {¶ 10} "The conviction was against the manifest weight of the evidence."
 {¶ 11} In his first assignment of error, appellant contends that the trial court erred in denying his motion to suppress for two reasons. Appellant first argues that the trial court erred by not suppressing all of the police officer's statements related to the field sobriety tests.
 {¶ 12} In State v. Homan, 89 Ohio St.3d 421, 2000-Ohio-212, paragraph one of the syllabus, the Ohio Supreme Court held that "[i]n order for the results of a field sobriety test to serve as evidence of probable cause to arrest, the police must have administered the test in strict compliance with standardized testing procedures." Appellant argues that this holding should be extended to prohibit the admission of any evidence related to the field sobriety tests at trial when the tests are not conducted in strict compliance.
 {¶ 13} It is apparent from the record that the testing conducted by Officer Alfrey was not conducted in strict compliance with standardized testing procedures. The officer testified that his only training in field sobriety testing was during his training period in 1995. He testified that he did not know if the methods he followed were in accordance with guidelines provided by the National Highway Traffic Administration because he had not been taught the guidelines and did not know them.
 {¶ 14} Other appellate districts considering the question of whether to extend the holding in Homan to exclude all evidence of field sobriety tests from trial have come to differing conclusions.[1] The Second, Third, and Tenth Districts have all determined that the exclusion should extend to all evidence at trial regarding field sobriety tests.State v. Schmitt, Mercer App. No. 10-01-16, 2002-Ohio-4615; State v.Brandenburg, Montgomery App. No. 18836, 2002-Ohio-912; State v. Pignor, Franklin App. No. 01AP-302, 2001-Ohio-4088.
 {¶ 15} On the other hand, the Fifth District found that although the officer should not be allowed to testify as an expert witness regarding the indicators of intoxication provided in the regulations, the officer should be able to testify as a lay witness regarding the defendant's performance on the test. State v. Weirtz, Delaware App. No. 02-CA-C-06032, 2002-Ohio-5294. We have carefully considered the reasoning expressed by the above courts on this issue and find the reasoning of the Fifth District, and the rationale of the dissent in the Third District case, to be more persuasive. Id.; Schmitt, 2002-Ohio-4615, Hadley, J., dissenting.
 {¶ 16} In Homan, the court found the reason for excluding the results of field sobriety tests was because "minor deviations from the standardized procedures can severely bias the results." Allowing officers to testify, not to the results of the tests, but as lay witnesses regarding the defendant's demeanor and actions during testing, alleviates the concern expressed in Homan regarding improperly performed tests.
 {¶ 17} Furthermore, the wisdom of this approach is illustrated by the facts of this case. The trial court held that the officer could not testify that appellant failed the field sobriety tests, but could testify that appellant failed to follow the pen at all on the HGN test, and that he took only three steps on the walk and turn test before quitting. These observations are within the province of ordinary persons testifying as lay witnesses and should be admissible evidence regarding whether appellant appeared intoxicated. Thus, we conclude that the trial court did not err in excluding all evidence regarding field sobriety tests from trial.
 {¶ 18} Appellant also contends in his first assignment of error, that the trial court erred by finding that there was probable cause to arrest him. Appellant argues that the evidence obtained in the stop should have been suppressed because the officer did not have probable cause to arrest him for DUI. Initially, we note that the trial court found that Officer Alfrey had decided to arrest appellant for the outstanding warrant, and that he later decided to charge him with DUI after an investigation. Thus, the officer had not only probable cause to arrest appellant for the warrant, but also had reason to investigate further regarding the initial reason for the stop.
 {¶ 19} Furthermore, pursuant to Homan, the officer had sufficient probable cause to arrest appellant for DUI without considering the field sobriety tests. In Homan, the court found that probable cause to arrest existed where the officer observed the defendant's vehicle travel left of center twice, the defendant had red and glassy eyes, her breath smelled of alcohol and she admitted consuming alcoholic beverages. Id.,89 Ohio St.3d at 427. In this case, the officer observed appellant pulling out of a driveway, not stopping for cars, driving at a high rate of speed and without his headlights on. After stopping appellant, the officer observed he was unsteady on his feet and was not walking in a straight line toward him. When he spoke to appellant, the officer noticed a strong smell of alcohol, that appellant's eyes were bloodshot and that his speech was slurred. Appellant also told the officer that he had just left a bar. These facts are more than sufficient to establish probable cause to arrest appellant for DUI. Appellant's first assignment of error is overruled.
 {¶ 20} In his second assignment of error, appellant contends that there was insufficient evidence to convict him of DUI pursuant to R.C.4511.19. When reviewing the sufficiency of the evidence to support a criminal conviction, an appellate court's function is to examine the evidence admitted at trial to determine whether such evidence, viewed in a light most favorable to the prosecution, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v.Goodwin, 84 Ohio St.3d 331, 343-44, 1999-Ohio-331.
 {¶ 21} R.C. 4511.19(A)(1) provides that no person shall operate any vehicle if the person is under the influence of alcohol. Appellant argues that there is insufficient evidence to show that he was driving while impaired. He argues that his driving was not erratic, and the officer observed him properly signal a turn, stop at a stop sign and turn his lights on after driving for a block. He also argues that he did not cause an accident, and was not cited for any moving violations by the officer.
 {¶ 22} However, as mentioned above, the officer observed appellant pulling out of a driveway, not stopping for cars, driving at a high rate of speed and without his headlights on. After stopping appellant, the officer observed he was unsteady on his feet and was not walking in a straight line toward him. When he spoke to appellant, the officer noticed a strong smell of alcohol, that appellant's eyes were bloodshot and that his speech was slurred. Although appellant was not cited for any moving violations, the evidence indicates that he committed several violations. In addition, although the period of driving the officer observed was brief, there was sufficient evidence that appellant's driving was impaired. Appellant's second assignment of error is overruled.
 {¶ 23} In his third assignment of error, appellant contends that his conviction was against the manifest weight of the evidence. An appellate court will not reverse a judgment as against the manifest weight of the evidence in a jury trial unless it unanimously disagrees with the fact-finder's resolution of any conflicting testimony. State v.Thompkins, 78 Ohio St.3d 380, 389, 1997-Ohio-52. The standard for reversal of a verdict which is against the manifest weight of the evidence has been summarized as follows:
 {¶ 24} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Thompkins at 387, quoting State v. Martin (1983),20 Ohio App.3d 172, 175.
 {¶ 25} In making this analysis, the reviewing court must be mindful that the original trier of fact was in the best position to judge the credibility of the witnesses and the weight to be given to the evidence. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 26} Appellant contends that the manifest weight of the evidence does not support a finding that he was intoxicated. However, as mentioned in the previous assignment of error, evidence of impairment existed to support the jury's verdict. Therefore, we cannot say that the jury clearly lost its way or created a manifest miscarriage of injustice in convicting appellant of DUI. Appellant's third assignment of error is overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.
[1] We note that this precise issue is currently before the Ohio Supreme Court as State v. Weirtz, Delaware App. No. 02-CA-C-06032, 2002-Ohio-5294, has been certified as a conflicting with the cases cited from other appellate districts. State v. Weirtz, 98 Ohio St.3d 1407,2003-Ohio-60.