OPINION
{¶ 1} Appellant Kirk A. McAtee appeals his conviction in the New Philadelphia Municipal Court on one count of driving under the influence in violation of R.C. 4511.19(A).
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} At approximately 12:00 midnight, on June 29, 2003, Appellant was involved in an automobile-motorcycle accident at the intersection of Routes 212 and 800 in Tuscarawas County. Appellant and a female passenger were traveling westbound on Rte. 212 on Appellant's motorcycle when it collided with a van traveling northbound on Rte. 800.
 {¶ 4} Sgt. Joseph Fetty of the Ohio State Highway Patrol responded to the accident. While trying to ascertain Appellant's identification, he detected a strong odor of alcohol. He testified that he could smell the alcohol from five feet away. (T. at 40). Due to Appellant's injuries, he did not request that Appellant perform any field sobriety tests. (T. at 46). Both Appellant and the passenger were life-flighted from the scene of the accident.
 {¶ 5} Appellant was charged with operating a motor vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1), failure to yield at a stop sign, in violation of R.C. 4511.43(A) and violating a motorcycle permit in violation of R.C. 4507.02(A)(3).
 {¶ 6} On January 9, 2004, the matter came on for trial before a Magistrate.
 {¶ 7} At trial, the Magistrate heard testimony from Sgt. Fetty and one Thomas Schwab, a witness to the accident. Mr. Schwab testified that was traveling behind Appellant for approximately five miles during which time he observed Appellant swerving from the yellow line to the white line. (T. at 22-24). Mr. Schwab also testified that he stopped when the accident occurred and that upon approaching Appellant he detected a strong odor of alcohol. He stated "[i]t was — like I explained to you it was either he had a fifth of whiskey in his jacket and it was busted on impact or he'd been drinking." (T. at 28).
 {¶ 8} At the close of the State's case, Appellant moved for acquittal on all charges.
 {¶ 9} The Magistrate granted Appellant's motion for acquittal as to the charge of violating a motorcycle permit but denied the motion on the two remaining charges.
 {¶ 10} At the conclusion of the trial, the Magistrate found Appellant guilty of violating R.C. 4511.19(A)(1) and 4511.43(A).
 {¶ 11} On January 23, 2004, Appellant filed an Objection to the Magistrate's Decision and filed a Supplement to Objection to Magistrate's Decision on April 27, 2004.
 {¶ 12} The trial court judge overruled Appellant's Objection and adopted the Magistrate's decision.
 {¶ 13} Appellant was sentenced to 180 days in jail, with 117 suspended, a two years license suspension and a $250.00 fine plus court costs. Appellant was also placed on probation for two years which requires him to, inter alia, complete a drug/alcohol assessment and receive treatment, to serve 3 days in jail, to serve 60 days on house arrest, to complete 16 hours of community service and attend Driver's Safety School.
 {¶ 14} Appellant now appeals, assigning the following error for review:
 ASSIGNMENT OF ERROR {¶ 15} "The State failed to produce sufficient evidence to prove beyond a reasonable doubt that appellant McAtee was guilty of operating a motor vehicle under the influence of alcohol in violation of Ohio revised Code 4511.19(A)(1). As a result, the conviction violates appellant McAtee's due process rights under thefourteenth amendment to the U.S. constitution and article 1, section 16 of the Ohio constitution.
 I. {¶ 16} In his sole assignment of error, Appellant argues that the trial court erred in sufficient evidence to support appellant's conviction. We disagree.
 {¶ 17} R.C. 4511.19(A)(1) provides that no person shall operate any vehicle if the person is under the influence of alcohol. Appellant concedes that he was operating his motorcycle but argues that there is insufficient evidence to show that he was impaired while driving.
 {¶ 18} When reviewing the sufficiency of the evidence to support a criminal conviction, an appellate court's function is to examine the evidence admitted at trial to determine whether such evidence, viewed in a light most favorable to the prosecution, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v.Goodwin, 84 Ohio St.3d 331, 343-44, 1999-Ohio-331. State v. Jenks
(1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492.
 {¶ 19} Thus, a reviewing court will not overturn a conviction for insufficiency of the evidence unless we find that reasonable minds could not reach the conclusion reached by the trier of fact. State v. Treesh
(2001), 90 Ohio St.3d 460, 484, 739 N.E.2d 749.
 {¶ 20} Moreover, the credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
 {¶ 21} Upon review of the record in this matter, we find that the evidence was sufficient to support conviction for operating vehicle while under influence of alcohol; a witness testified that he saw defendant's vehicle travel back and forth within lane, the same witness noticed a strong odor of alcohol, the responding officer noticed strong odor of alcohol emanating from Appellant, and the appellant caused an accident by running a stop sign which was properly placed and clearly visible (T. at 25-26-41-42).
 {¶ 22} Based on the foregoing, we find that the state demonstrated that the appellant operated the vehicle while under the influence of alcohol.
 {¶ 23} Appellant's sole assignment of error not well-taken and overrule same.
 {¶ 24} We therefore affirm the judgment and conviction of the trial court.
Boggins, J., Gwin, P.J., and Hoffman, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the New Philadelphia Municipal Court, Tuscarawas County, Ohio is affirmed. Costs assessed to Appellant.