ZAZWORSKY, APPELLANT, *v.* LICKING COUNTY
BOARD OF REVISION ET AL., APPELLEES.

[Cite as *Zazworsky v. Licking Cty. Bd. of
Revision* (1991), 61 Ohio St.3d 604.]

(No. 90–2098—Submitted June 13, 1991—Decided August 28, 1991.)

*Reese, Pyle, Drake & Meyer* and *Thomas H. Barrett II,* for appellant.

*Robert L. Becker,* prosecuting attorney, and *Pauline E. O'Neill,* for appellees.

*Per Curiam.* There is no apparent dispute between the parties as to the controlling case law: the best evidence of true value for real estate taxation purposes is a recent sale in an arm's-length transaction between a willing seller and a willing buyer. *State, ex rel. Park Investment Co., v. Bd. of Tax Appeals* (1964), 175 Ohio St. 410, 412, 25 O.O.2d 432, 434, 195 N.E.2d 908, 910.

Zazworsky maintains that the fair market value, and commensurately the true value of the subject property in 1988, was the sale price, $100,000. He says the sublease must have some value and since there is no dispute as to the total price paid for building A and the sublease together, logically neither of them, alone, is worth as much as $100,000.

The board argues that, since Zazworsky acquired the sublease on adjoining building B in addition to the subject property, this constitutes "peculiar circumstances" and warrants a valuation in excess of the sale price. The board urges further that Zazworsky has the burden to prove the "breakdown" of the $100,000 between the subject property and the sublease, and accordingly, the determination of the board that the subject property was worth $184,500 should be upheld. In *Ratner v. Stark Cty. Bd. of Revision* (1988),

35 Ohio St.3d 26, 28, 517 N.E.2d 915, 917, we held that the presumption that the sale price is the best evidence of true value "may be rebutted by evidence which indicates otherwise."

As set forth in *Ratner v. Stark Cty. Bd. of Revision* (1986), 23 Ohio St.3d 59, 61, 23 OBR 192, 193–194, 491 N.E.2d 680, 682: "[A]lthough the actual sale price provides strong evidence of market value" other factors can "affect the use of the sale price of property as evidence of its true value." These factors might include the "mode of payment, sale-lease arrangements, abnormal economic conditions * * *," *id.*, none of which is present in this appeal. If there was any evidence that favorable financing caused the $100,000 sale price to be other than the true value, or if some pressure on the seller caused a deflated price, the board failed to introduce that evidence or elicit it from Zazworsky. Therefore, the board should have offered rebuttal evidence.

Accordingly, the decision of the BTA, which is not supported by any evidence, is unreasonable and is, therefore, reversed, and the cause is remanded to the BTA to enter a true valuation in the amount of $100,000. *Mentor Exempted Village Bd. of Edn. v. Lake Cty. Bd. of Revision* (1988), 37 Ohio St.3d 318, 526 N.E.2d 64.

*Decision reversed*
*and cause remanded.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.