[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 47.]

SIMMONS, APPELLANT, *v*. CUYAHOGA COUNTY BOARD OF REVISION ET AL.,

APPELLEES.

[Cite as *Simmons v. Cuyahoga Cty. Bd. of Revision*, 1998-Ohio-443.]

*Taxation—Real property valuation—Where Board of Tax Appeals rejects the evidence presented to it as not being competent and probative or credible, and there is no evidence from which the BTA can independently determine value, it may approve the board of revision's valuation, without the board of revision's presenting any evidence.*

(No. 97-765—Submitted October 28, 1997—Decided February 11, 1998.)

APPEAL from the Board of Tax Appeals, No. 95-B-951.

_____

{¶ 1} In February 1995, appellant, Milton L. Simmons, filed a real property valuation complaint with the appellee, Cuyahoga County Board of Revision ("BOR"), for tax year 1994, concerning his home in Brecksville, Ohio. Simmons alleged in his complaint that his property had a true value of $294,000. The auditor had valued the property at $320,000.

{¶ 2} Simmons's house is located on a 60,000-square-foot lot and contains approximately 4,000 square feet of living area on two floors, excluding the basement. Simmons described his house as a Tudor style, with the front faced with brick, stucco, and beams. The sides and back of the house are covered with aluminum siding. The rear of the garage is also Tudor style. The house has four bedrooms, three full baths, and two half-baths. In addition, the house has a living room, dining room, and family room, a kitchen, and an attached four-car garage. The walkout basement of Simmons's house is unfinished; however, it contains a finished half-bath.

**{¶ 3}** In an affidavit submitted to the BOR and in his testimony before the Board of Tax Appeals ("BTA"), Simmons stated that a house on an adjoining lot sold in June 1993 for $349,800. Simmons testified that this house had 5,100 square feet of finished space composed of 1,800 square feet for a walkout finished basement, which Simmons described as "essentially completely finished," 1,800 square feet on the first floor, and 1,500 square feet on the second floor. This house also has a dining room, living room, and family room, with a kitchen, plus four bedrooms and four full baths. Simmons described the front as brick with cedar siding elsewhere. By dividing the selling price of $349,800 by 5,100 square feet, Simmons calculated a value for this house at $68.60 per square foot. Simmons next multiplied the value per square foot determined for the house on the adjoining lot times 4,000 square feet, and determined a value of $274,400 for his house. However, because his house has additional garage space, Simmons added $12,100 to the value. Furthermore, because Simmons's house has three fireplaces, while the house on the adjoining lot has only two fireplaces, he also added $4,000 to the value of his house for the extra fireplace, to arrive at a total value for his house of $290,500.

**{¶ 4}** The BOR granted no reduction in the auditor's appraised value. On appeal, the BTA affirmed the BOR's value, finding that Simmons had not presented competent probative evidence that would sustain his burden of proof. The BTA found that the BOR's determination of value was reasonable and best reflected true value as of the tax lien date.

**{¶ 5}** The case is now before this court upon an appeal as of right.

_____

*Milton L. Simmons, pro se.*

_____

*Per Curiam*.

**{¶ 6}** Simmons contends that the BTA could not fulfill its obligation to determine true value when the BOR did not offer any evidence to justify its valuation. We disagree.

**{¶ 7}** Simmons was the appellant in this matter and therefore the burden was upon him to convince the BTA that his opinion of value was the value that it should accept. In *Western Industries, Inc. v. Hamilton Cty. Bd. of Revision* (1960), 170 Ohio St. 340, 342, 10 O.O.2d 427, 427, 164 N.E.2d 741, 743, we stated, "The burden is on the taxpayer to prove his right to a deduction. He is not entitled to the deduction claimed merely because no evidence is adduced contra his claim." Thus, the burden of persuasion before the BTA was on Simmons, not the BOR.

**{¶ 8}** As the owner, Simmons was competent to present his opinion of the value of his property. *Amsdell v. Cuyahoga Cty. Bd. of Revision* (1994), 69 Ohio St.3d 572, 635 N.E.2d 11. However, the BTA was not required to accept his opinion of value. *WJJK Investments, Inc. v. Licking Cty. Bd. of Revision* (1996), 76 Ohio St.3d 29, 665 N.E.2d 1111.

**{¶ 9}** The BTA found that Simmons did not adequately compare and contrast his property to the property which he was attempting to use as a basis for establishing the true value of his property. In addition, the BTA had serious questions about the comparison methods used by Simmons for valuing his property. Finally, the BTA found that Simmons had not presented competent, probative evidence that would demonstrate his right to the value claimed.

**{¶ 10}** The BTA as the finder of fact has wide discretion to determine the weight and credibility of witnesses; thus, it may accept all, part, or none of the testimony of a witness. *R.R.Z. Assoc. v. Cuyahoga Cty. Bd. of Revision* (1988), 38 Ohio St.3d 198, 527 N.E.2d 874; *Witt Co. v. Hamilton Cty. Bd. of Revision* (1991), 61 Ohio St.3d 155, 573 N.E.2d 661. The burden was on Simmons to produce

competent probative factual evidence to persuade the BTA that the value which he proposed was the true value. The BTA found he did not meet his burden.

{¶ 11} This court is not a " 'super Board of Tax Appeals' " and does not sit as a trier of fact "*de novo.*" *Youngstown Sheet & Tube Co. v. Mahoning Cty. Bd. of Revision* (1981), 66 Ohio St.2d 398, 400, 20 O.O.3d 349, 351, 422 N.E.2d 846, 848. In *Natl. Church Residence v. Licking Cty. Bd. of Revision* (1995), 73 Ohio St.3d 397, 398, 653 N.E.2d 240, 241, we stated, "We will not reverse the BTA's determination on credibility of witnesses and weight given to their testimony unless we find an abuse of this discretion." No abuse of discretion has been alleged in this case.

{¶ 12} Simmons's second contention is that since the BOR presented no evidence, and the BTA rejected Simmons's evidence, the BTA could not affirm the BOR's valuation. We disagree.

{¶ 13} In *Westlake Med. Investors, L.P. v. Cuyahoga Cty. Bd. of Revision* (1996), 74 Ohio St.3d 547, 660 N.E.2d 467, the BTA rejected the taxpayer's evidence of value and approved the board of revision's valuation. In affirming the BTA's decision we stated, "the BTA may approve a board of revision's value if the taxpayer does not prove a right to a reduction in value." *Id.* at 549, 660 N.E.2d at 468. See, also, *Cleveland Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision* (1994), 68 Ohio St.3d 336, 626 N.E.2d 933. Where the BTA rejects the evidence presented to it as not being competent and probative, or not credible, and there is no evidence from which the BTA can independently determine value, it may approve the board of revision's valuation, without the board of revision's presenting any evidence.

{¶ 14} Simmons cites *Zazworsky v. Licking Cty. Bd. of Revision* (1991), 61 Ohio St.3d 604, 575 N.E.2d 842, as being dispositive of his position that his valuation should be accepted because no evidence was introduced in support of the BOR's valuation. However, a review of *Zazworsky* shows that we reversed the BTA not because of lack of evidence by the board of revision, but because there

was no evidence to support the BTA's factual finding of peculiar circumstances for the sale in question. Therefore, *Zazworsky* does not support Simmons's position.

{¶ 15} Finally, Simmons contends that the county auditor did not follow certain statutorily mandated procedures in determining his valuation. Simmons relies on a letter written to him by the auditor. However, as Simmons states in an explanatory note to his supplement to the briefs, the letter on which he relies was not part of the transcript sent from the BOR to the BTA, nor was it entered into evidence and filed as part of the BTA's transcript to this court. Simply put, the letter has never been part of the record of this case. We will not consider any argument based upon a document that is not part of the record.

{¶ 16} For all of the foregoing reasons, the decision of the BTA is reasonable and lawful and is, therefore, affirmed.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————