OPINION
The Upper Arlington City School District Board of Education has appealed an adverse ruling of the Ohio Board of Tax Appeals ("BTA"), assigning a single error for our consideration:
 The Ohio Board of Tax Appeals erred in determining that an appraisal based on false, erroneous and unlawful assumptions was competent and probative evidence of the true value of a "trophy bank branch" located in Franklin County, Ohio.
The standard of review to be utilized by appellate courts on appeals from the BTA is simple and straightforward. The decision of the BTA is to be affirmed unless the decision is unreasonable or unlawful. R.C.5717.04.
The property whose tax value is to be assessed is a bank branch being operated in the city of Upper Arlington. The real estate and building which is located on it are apparently still titled in the name of "Ohio National Bank." A successor bank, National City Bank, actually operates a branch at the location.
The Franklin County Auditor valued the property at $1,331,700. The bank sought a reduction of the value before the Franklin County Board of Revision. A private appraiser hired on behalf of National City Bank valued the property at $645,000. The Franklin County Board of Revision rejected the private appraiser's valuation. The bank appealed to the BTA. The BTA adopted the private appraiser's valuation. The issue for review on appeal therefore is whether or not reliance upon the private appraiser's report and testimony was unreasonable or unlawful, given the fact that no other expert appraisal information or testimony was presented to the BTA.
The private appraiser who testified on behalf of Ohio National Bank was Patricia Costello. At the time of the hearing before the BTA, she was a candidate for designation of MAI, but had not achieved that designation yet. She described the property in question as "basically a trophy branch bank, its renovation is beautiful, it is well located ***." She did not evaluate the property based upon continued use as a bank branch, but determined that evaluation should be based upon a sale price she theorized would be realized were the property to be sold for other use, such as a law office or a jewelry store. She did not claim that National City Bank had any intention to close the branch or sell the property. Instead, she justified her valuation by a banking industry trend toward decreased use of free-standing branch banks. She saw the trend in the banking industry as being the use of ATM machines and branch banks in locations such as large grocery stores. She acknowledged that the highest and best use for the Ohio National Bank/National City Bank property was as a branch bank.
Ms. Costello indicated that the National City Bank branch is situated on 1.17 acres of land, with extensive frontage on both Fishinger Road and Tremont Road. The building itself contained 5,792 square feet of gross building area.
She listed as her first comparable sale a bank branch which sold for $350,000. The bank branch was located on a parcel approximately one half the size, improved with a building which was less than one-half the size. Had she used the $138.89 per square foot unit indicator she calculated for the "comparable sale," she would have found the value of the bank branch in Upper Arlington to be almost $795,000. Instead, she adjusted the unit indicator downward and considered the sale support for her valuation of $645,000.
Ms. Costello used as a second comparable sale a former branch of Star Bank located on Wilson Bridge Road in Worthington, Ohio. The branch was sold to an insurance agency. The parcel is seventy-eight percent the size of the Upper Arlington parcel. The building itself is fifty-five percent of the size of the bank branch in Upper Arlington. Applying the unit indicator computed by Ms. Costello to the Upper Arlington bank branch yields a value of $685,000.
Ms. Costello considered a former bank branch located at the corner of Sawmill and Martin Roads in Northwest Columbus to be a comparable sale. The building was sold to the Diamond Cellar for $2,100,000. The building is 3.5 times as large as the bank branch in Upper Arlington and has no direct access to Sawmill Road. The surrounding neighborhood has little or no resemblance to the area at the intersection of Tremont and Fishinger Roads in Upper Arlington.
The party asserting a right before the BTA to a decrease in the value of real property — here, the bank — has the burden of proving such right. See Simmons v. Cuyahoga Cty. Bd. of Revision (1998),81 Ohio St.3d 47, 48-49. Such party is required to establish by sufficient competent and probative evidence that the value of the property is other than that established by the board of revision. Amsdell v. Cuyahoga Cty. Bd. of Revision (1994), 69 Ohio St.3d 572, 573.
Simply stated, Ms. Costello's opinion regarding valuation did not constitute competent or probative evidence of the actual value of the National City Bank branch in Upper Arlington. Her comparable sales are not really comparable. She failed or refused to use values based upon continued use of the parcel and building as a branch bank, despite the fact that other giants in the banking industry, such as Fifth Third Bank, are making significant improvements to nearby branch banks and/or are continuing to maintain free-standing branch banks nearby. As noted above, she acknowledged that her appraisal did not rely upon the highest and best use for the property, this continued use as a bank branch. Thus, there was no evidence presented to the BTA refuting the appraisal of the subject property at its highest and best use.
Because Ohio National Bank/National City Bank did not come forward with sufficient information to call into serious question the value assessed by the Franklin County Auditor, the Upper Arlington City School District Board of Education did not have to rebut the value proffered by the bank. See Simmons, supra at 48, citing Western Industries, Inc. v. Hamilton Cty. Bd. of Revision (1960), 170 Ohio St. 340, 342 (the taxpayer is not entitled to the deduction claimed merely because no evidence is adduced contra his or her claim).
The decision of the BTA was unreasonable. We, therefore, sustain the sole assignment of error. Pursuant to R.C. 5717.04, we hereby modify the BTA's decision and reinstate the value of $1,331,700 as found by the Franklin County Auditor and Franklin County Board of Revision.
DESHLER and McCORMAC, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.