[Cite as *Springfield Acme Rental, L.L.C. v. Clark Cty. Bd. of Revision*, 2012-Ohio-4454.]

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### CLARK   COUNTY


SPRINGFIELD ACME RENTAL, L.L.C.    :
                                   :       Appellate Case No. 2012-CA-4
          Appellant               :
                                   :       Trial Court Case No. 2008-A-2528
v.                                 :
                                   :
CLARK COUNTY BOARD OF              :       (Administrative Appeal from
REVISION,                          :        Board of Tax Appeals)
et al.                             :
                                   :
          Appellees               :
                                   :
                    . . . . . . . . . . .

## O P I N I O N

Rendered on the 28th day of September, 2012.

                    . . . . . . . . . . .


MARK H. GILLIS, Atty. Reg. #0066908, and KELLEY A. GORRY, Atty. Reg. #0079210, Rich & Gillis Law Group, LLC, 6400 Riverside Drive, Suite D, Dublin, Ohio 43017
          Attorneys for Plaintiff-Appellee, Springfield City School District Bd. Of Edu.

THOMAS H. LAGOS, Atty. Reg. #0014980, Lagos & Lagos P.L.L., One South Limestone Street, Suite 1000, Springfield, Ohio 45502
          Attorney for Appellant, Springfield Acme Rental, L.L.C.

WILLIAM D. HOFFMAN, Atty. Reg. #0047109, and D. ANDREW WILSON, Atty. Reg. #0073767, Clark County Prosecutor's Office, 50 East Columbia Street, Post Office Box 1608, Springfield, Ohio 45501

Attorneys for Defendant-Appellees, Clark Co. Auditor & Clark Co. Bd. of Revision

. . . . . . . . . . . . .

HALL, J.

{¶ 1}    Appellant Springfield Acme Rental LLC has appealed a Board of Tax Appeals (BTA) decision and order. The BTA order reverses the Clark County Board of Revision's (BOR) order that reduces the true value of property owned by the rental company. The BTA's order also reinstates the true value originally determined by the county auditor. The primary issue here is whether the rental company presented sufficient evidence to the BOR to justify its true-value reduction. We conclude that it did not. Therefore we affirm.

## I. Background

{¶ 2}    The subject property in this case consists of three adjacent lots on which sit two adjoining buildings. The property is owned by the rental company, which is owned by Patrick McCurdy[1]. The property sits in the taxing district of the Springfield City Schools.

{¶ 3}    The county auditor reappraised the property for the 2007 tax year. The auditor determined that the property's true value was $604,710. The rental company filed a complaint against valuation with the BOR. It proposed a fair market value of only $158,000.[2] Appellee Springfield City School District Board of Education filed a countercomplaint asserting that the auditor's value was correct.

{¶ 4}    The BOR held a hearing. The rental company presented testimony from McCurdy, its owner. He testified that the company purchased the property about three years

---

[1] The transcript of the hearing before the BOR refers to the rental company's owner as Patrick *McCarty*, but the rental company's brief refers to him as Patrick *McCurdy*. We believe that the latter last name is correct.

[2] It is not clear from the record what the property's true value was before 2007. Presumably, it was lower.

earlier for about $150,000. McCurdy said that the company has since invested around $300,000 in the property. But he said that, based on his knowledge of the local real-estate market, the property could be sold for only around $150,000. The rental company presented no documentary or other evidence supporting its proposed fair market value. No other party presented any evidence. The BOR determined that the property's true value for the 2007 tax year is $173,000 and ordered a reduction. The BOR did not explain its decision.

{¶ 5} The school board appealed to the BTA, arguing that there was insufficient evidence in the record to support the BOR's reduction from $604,710 to $173,000. The parties waived their right to a hearing before the BTA. Based on the record developed before the BOR, the BTA agreed that the evidence failed to justify the BOR's reduction. The BTA reversed the BOR's order and reinstated the auditor's original true value.

{¶ 6} The rental company appealed.

{¶ 7} The rental company presents three assignments of error. It alleges that the BTA erred in its determination that the evidence was insufficient, erred in its rejection of the BOR's true-value determination and by reversing the BOR's reduction order, and erred by reinstating the auditor's true value.

## II. The Evidence Supporting the BOR's Reduction Order

{¶ 8} "The BTA's duty * * * is to reach its 'own independent judgment [of the subject property's value] based on its weighing of the evidence contained in the [BOR] transcript.'" *Vandalia-Butler City Sch. Bd. of Edn. v. Montgomery Cty. Bd. of Revision*, 130 Ohio St.3d 291, 2011-Ohio-5078, 958 N.E.2d 131, ¶ 21, quoting *Columbus Bd. of Edn. v. Franklin Cty. Bd. Of Revision*, 76 Ohio St.3d 13, 15, 665 N.E.2d 1098 (1996). The BTA may

adopt the BOR's value if the evidence is sufficient to support that value. *See id*. at ¶ 21. The evidence is sufficient "*if and only if* the BTA independently concluded that the evidence supports the very value found by the BOR." (Emphasis sic.) *Id*.

{¶ 9}    A property's "true value," its value for calculating tax value, is either the sale price, if the sale occurred within a reasonable length of time from the tax year and the sale was at arm's length, Ohio Admin. Code 5703-25-05(A)(2); R.C. 5713.03, or the property's fair or current market value, Ohio Admin. Code 5703-25-05(A)(1); R.C. 5713.31. Here the BTA found that the evidence does not establish that the rental company purchased the property in an arm's-length transaction. The BTA also concluded that McCurdy's testimony is not probative or reliable evidence of the property's 2007 market value.

## A. *Sale price of an arm's-length transaction*

{¶ 10}    The sale price of property recently sold in an arm's-length transaction is deemed the property's true value. *Berea City Sch. Dist. Bd. of Educ. v. Cuyahoga County Bd. of Revision*, 106 Ohio St.3d 269, 2005-Ohio-4979, 834 N.E.2d 782, ¶ 13, quoting R.C. 5713.03; *Wellington Square, L.L.C. v. Clark Cty. Aud.*, 2d Dist. Clark No. 2009-CA-87, 2010-Ohio-2928, ¶ 32 ("This [the sale price] is deemed to be the value, 'regardless of other appraisal evidence or methods.'"), quoting *Rhodes v. Hamilton Cty. Bd. of Revision*, 117 Ohio St.3d 532, 2008-Ohio-1595, 885 N.E.2d 236, ¶ 11. "An arm's-length sale is characterized by the following elements: 'it is voluntary, i.e., without compulsion or duress; it generally takes place in an open market; and the parties act in their own self-interest.'"*Wellington Square* at ¶ 33, quoting *Walters v. Knox County Bd. of Revision*, 47 Ohio St.3d 23, 546 N.E.2d 932 (1989), syllabus.

{¶ 11} McCurdy testified that the rental company purchased the property "[a]pproximately three years ago." (BOR Hearing Tr. 5). He said that "[he] thought the total package was $150,000." (BOR Hearing Tr. 4).[3] McCurdy also testified that the property was not listed for sale at the time. He explained that the rental company bought the property from someone who restored a house for him. The rental company presented no documentary evidence relating to the sale. There is little evidence regarding the voluntariness of the sale or the interests of the parties to the sale. And the evidence plainly establishes that the sale did not take place in an open market.

{¶ 12} The Ohio Supreme Court has held that "the absence of even one of the [elements] * * * is sufficient to support a finding that a transaction was not conducted at arm's length." *Shiloh Automotive, Inc. v. Levin*, 117 Ohio St.3d 4, 2008-Ohio-68, 881 N.E.2d 227, ¶ 23, citing *Strongsville Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 112 Ohio St.3d 309, 2007-Ohio-6, 859 N.E.2d 540, ¶ 13. With respect to the open-market element in particular, although it is not strictly necessary, *Wellington Square* at *¶* 35, the Court has "upheld the BTA's finding that a transaction was not at arm's length in the absence of an open-market sale." *Shiloh* at ¶ 23, citing *Kroger Co. v. Hamilton Cty. Bd. of Revision*, 67 Ohio St.3d 145, 147, 616 N.E.2d 877 (1993).

{¶ 13} Here there is little evidence regarding two of the arm's-length-transaction elements. And the evidence regarding the open-market element simply fails to demonstrate an open-market transaction. Accordingly, we determine that the BTA conclusion, that the rental

---

[3]The BTA notes McCurdy's uncertainty about the purchase price. The auditor's 2007 appraisal, which is in the record, makes a historical reference that McCurdy purchased the property in October 2004 for $150,000.

company did not purchase the property in an arm's-length transaction, is a reasonable finding.

## B. *The fair or current market value*

{¶ 14}   The rental company did not present any documentary evidence regarding the property's fair or current market value either. On this issue too, McCurdy's testimony is the only relevant evidence. The BTA concluded, though, that his testimony is not probative or reliable.

{¶ 15}   The BTA's discretion is wide when it comes to evaluating the credibility of witnesses and weighing their testimony. *Hardy v. Delaware Cty. Bd. of Revision*, 106 Ohio St.3d 359, 2005-Ohio-5319, 835 N.E.2d 348, ¶ 10. The BTA "may accept all, part, or none" of a witness's testimony. *Simmons v. Cuyahoga County Bd. of Revision*, 81 Ohio St. 3d 47, 48, 689 N.E.2d 22 (1998). A court may not disturb the BTA's credibility evaluation or the weight it accords a witness's testimony unless the court concludes that the BTA abused its discretion. *Hardy* at ¶ 10. The BTA abuses its discretion when its decision is unreasonable, that is, the decision "lacks a sound reasoning process." *Wellington Square*, 2010-Ohio-2928, at ¶ 27, citing *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). The BTA's decision to reject McCurdy's market-value testimony was reasonable.

{¶ 16}   A property owner is competent to testify about the market value of his property. *Simmons* at 48. But "the BTA [i]s not required to accept his opinion of value." *Id*. The rental company purchased the property in 2004 for $150,000. McCurdy testified that since then he has spent around $300,000 on repairs to the buildings. But he said that the market value of the property did not increase by the same amount because of the abundance of similar

property on the market and the reputation for crime in the area around the property. McCurdy said that if he sold the property, he believed he could not get more than $150,000.

{¶ 17} The rental company argues that McCurdy had reliable knowledge of the property's market value. It asserts that McCurdy's job as an electrical contractor in the Springfield area "naturally places him in contact with buyers and sellers for real estate in a way that affords him an insider's view of the relative pricing required to repair or trade similarly situated buildings in the marketplace." (Appellant's Brief, p.10).

{¶ 18} The BTA found that the record does not establish McCurdy's qualifications to quantify any effect on market value that the improvements might have. And the BTA found that nothing else in the record suggests how the improvements may have affected the property's market value. The BTA also rejected the reliable-knowledge argument, saying that the record does not establish McCurdy's expertise as an electrical contractor. Nor, added the BTA, does the record establish his expertise as a real-estate appraiser.

{¶ 19} The BTA's reasoning that led it to reject McCurdy's market-value testimony as not probative or reliable is not an abuse of its discretion.[4] *Compare Valigore v. Cuyahoga Cty. Bd. of Revision*, 105 Ohio St. 3d 302, 2005-Ohio-1733, 825 N.E.2d 604, ¶ 7.

{¶ 20} We determine that the BTA's conclusion, that the record developed before the BOR contains insufficient evidence to support the BOR's true-value reduction, is   reasonable.

---

[4] We note that in its written decision the BTA said that it "d[id] not consider the opinion expressed by the owner to be *competent* or probative evidence of value * * *." (Emphasis added.) McCurdy, as the owner, is plainly competent to testify about the fair- or current-market-value of his property. *Accord Simmons* at 48. In the sentence before the just-quoted one, the BTA said that "[t]he *weight* to be accorded an owner's evidence is left to the sound discretion of this board." (Emphasis added.) We conclude the BTA's    use of "competent or probative" is a reference to the talismanic expression of the quality of the evidence and does not deny the owner's capacity to have presented it.

And, because of the BTA finding that the evidence is not sufficient to support the BOR's reduction, the BTA must reverse. *Vandalia-Butler*, 2011-Ohio-5078, at ¶ 21. Thus the BTA here properly reversed the BOR's reduction order.

**{¶ 21}** The first and third assignments of error are overruled.

## III. The BTA's Reinstatement of the Auditor's Value

**{¶ 22}** BOR decisions are not presumed to be valid. *Colonial Village, Ltd. v. Washington Cty. Bd. of Revision*, 114 Ohio St.3d 493, 2007-Ohio-4641, 873 N.E.2d 298, ¶ 23. A county auditor's valuation is. *Colonial Vill. Ltd. v. Washington Cty. Bd. of Revision*, 123 Ohio St. 3d 268, 2009-Ohio-4975, 915 N.E.2d 1196, ¶ 31. So "[t]he county's appraised value * * * forms in most cases a default valuation that must be preferred and adopted if the appellant before the BTA fails to prove a different value of the property." *Id*. "[I]t is proper to revert to [the auditor's original] valuation when the BTA finds that the owner has not proved a lower value *and there is otherwise 'no evidence from which the BTA can independently determine value.'*" (Emphasis sic.) *Vandalia-Butler* at ¶ 24, quoting *Simmons*, 81 Ohio St.3d at 49, 689 N.E.2d 22.

**{¶ 23}** Here the BTA concluded that the rental company did not prove a lower value. The BTA also (reasonably) rejected the only market-value evidence in the record, McCurdy's testimony, leaving insufficient evidence for it to perform an independent valuation. Therefore the BTA properly reinstated the auditor's original value.

**{¶ 24}** The second assignment of error is overruled.

## IV. Conclusion

**{¶ 25}** The BTA did not err in its determination that the evidence was insufficient,

rejection of the BOR's value and reversal of the BOR's value-reduction order, or reinstatement of the auditor's value.

{¶ 26} The BTA's decision and order is affirmed.

. . . . . . . . . . . . .

FAIN and FROELICH, JJ., concur.


Copies mailed to:

Mark H. Gillis
Kelley A. Gorry
Thomas H. Lagos
William D. Hoffman
D. Andrew Wilson
Ohio Board of Tax Appeals