[Cite as *Zimmer v. Stark Cty. Bd. of Revision*, 2016-Ohio-7056.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ZACHARY A. ZIMMER | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Appellant/Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 2016CA00040 |
| | : | |
| STARK COUNTY BOARD OF | : | |
| REVISION, ET AL. | : | |
| | : | |
| | : | |
| Appellee/Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Ohio Board of Tax
                                Appeals, Case No. 2015-637


JUDGMENT:                       AFFIRMED


DATE OF JUDGMENT ENTRY:         September 26, 2016


APPEARANCES:

For Appellant/Appellee:                 For Appellee/Appellant:

No Brief Filed                          JOHN D. FERRERO
                                        STARK COUNTY PROSECUTOR
                                        STEPHAN P. BABIK
                                        110 Central Plaza South, Suite 510
                                        Canton, OH 44702

                                        MIKE DEWINE
                                        OHIO ATTORNEY GENERAL
                                        State Office Tower
                                        30 East Broad St.
                                        Columbus, OH 43215

*Delaney, J.*

{¶1}   Appellant Stark County Auditor appeals the February 3, 2016 Decision and Order of the Ohio Board of Tax Appeals.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   On October 17, 2007, Melissa M. Stepanovich paid $117,000 to purchase 6979 Pinecrest Street NE, Canton, Ohio 44721 ("the Property") by way of a warranty deed. The Property went into foreclosure and on November 14, 2013, the Property sold to Fannie Mae A/K/A Federal National Mortgage Association for $68,000.

{¶3}   In 2008, the appraised true value of the Property by the Appellant Stark County Auditor was $109,000. The assessed total value was $38,150. From 2009 to 2011, the Stark County Auditor appraised the total value of the Property as $106,400 and the assessed total value as $37,250. From 2012 to 2014, the Stark County Auditor appraised the total value of the Property as $92,500 and the assessed total value as $32,280.

{¶4}   Appellee Zachary A. Zimmer purchased the Property from Fannie Mae A/K/A Federal National Mortgage Association on May 1, 2014. The purchase price was $48,200.

{¶5}   On January 26, 2015, Zimmer filed a Complaint Against Valuation of Real Property with the Stark County Auditor. In his complaint, Zimmer requested a change in the taxable value due to the recent arms-length transaction between a willing buyer and a willing seller. He claimed the true value of the Property was $48,200.

{¶6}   A hearing was held before the Stark County Board of Revision on May 28, 2015. No one appeared at the hearing on behalf of Zimmer. The BOR considered the

Staff Appraiser Report. The report stated that the Property was sold at a bank sale. Since that time, the Property was remodeled and put back on the market with a selling price of $110,000. The Property was pulled off the market and was currently being used as a rental property renting at $900 per month. A sales analysis of similar homes in the neighborhood indicated a fair market value of $103,000. The Staff Appraiser Report recommended a new adjusted value of $94,500 for the Property based on the addition of air conditioning and the Property was being used as a rental property for $900 per month.

{¶7}   On May 28, 2015, the Stark County BOR issued its decision to increase the total market valuation to $94,500 and the total taxable valuation to $33,080.

{¶8}   Zimmer filed an appeal of the BOR decision to the Ohio Board of Tax Appeals. He did not request a hearing. Zimmer stated it was his opinion the total market value of the Property was $48,200.

{¶9}   On February 3, 2016, the BTA issued its Decision and Order. The BTA found that Zimmer purchased the Property for $48,200. The BTA found that absent an affirmative demonstration that such sale was not a qualifying sale for tax valuation purposes, the record showed the transaction was recent and arm's-length, and constituted the best indication of the Property's value as of the tax lien date. The BTA reduced the true value of the Property to $48,200 and the taxable value to $16,870.

{¶10} It is from this decision the Stark County Auditor now appeals.

**ASSIGNMENTS OF ERROR**

{¶11} The Stark County Auditor raises three Assignments of Error:

{¶12} "I. THE BOARD OF TAX APPEALS ERRED BY REVERSING THE DECISION OF THE STARK COUNTY BOARD OF REVISION BY FINDING THAT

COMPETENT, CREDIBLE AND PROBATIVE EVIDENCE WAS SUBMITTED BY ZACHARY A. ZIMMER BEFORE THE STARK COUNTY BOARD OF REVISION AS TO THE TRUE MARKET VALUE OF THE SUBJECT PROPERTY.

{¶13} "II. THE BOARD OF TAX APPEALS ERRED BY FINDING THAT COMPETENT, CREDIBLE AND PROBATIVE EVIDENCE WAS SUBMITTED BY ZACHARY A. ZIMMER BEFORE THE OHIO BOARD OF TAX APPEALS AS TO THE TRUE MARKET VALUE OF THE SUBJECT PROPERTY.

{¶14} "III. THE BOARD OF TAX APPEALS ERRED BY FINDING THAT THE MAY, 2014 TRANSFER OF THE SUBJECT REAL PROPERTY CONSTITUTED THE BEST EVIDENCE OF THE TRUE VALUE IN MONEY OF THE SUBJECT REAL PROPERTY."

## ANALYSIS

### Appellate Standard of Review

{¶15} The Stark County Auditor appeals the decision and order of the BTA pursuant to R.C. 5717.04. The statute reads, "[t]he proceeding to obtain a reversal, vacation, or modification of a decision of the board of tax appeals shall be by appeal to the supreme court or the court of appeals for the county in which the property taxed is situate or in which the taxpayer resides." *Kroger Co. v. Licking Cty. Bd. of Revision*, 5th Dist. Licking No. 15-CA-37, 2016-Ohio-286, ¶ 14.

{¶16} The issue before this court is whether the BTA acted reasonably and lawfully when it reduced the BOR's valuation of the Property from $94,500 to $48,200. The Stark County Auditor argues the uncontroverted evidence presented at the BOR hearing demonstrated the value of the Property was $94,500. In *Akron City School Dist.*

*Bd. of Edn. v. Summit Cty. Bd. of Revision*, 139 Ohio St.3d 92, 93–94, 2014-Ohio-1588,

9 N.E.3d 1004, 1006, the Ohio Supreme Court recited the standard of review for an

appeal of a BTA decision:

> The true value of property is a "question of fact, the determination of which
>
> is primarily within the province of the taxing authorities," and accordingly,
>
> we "will not disturb a decision of the Board of Tax Appeals with respect to
>
> such valuation unless it affirmatively appears from the record that such
>
> decision is unreasonable or unlawful." *Cuyahoga Cty. Bd. of Revision v.*
>
> *Fodor*, 15 Ohio St.2d 52, 239 N.E.2d 25 (1968), syllabus.

*Olentangy Local Schools Bd. of Edn. v. Delaware Cty. Bd. of Revision*, 5th Dist. No. 14

CAH 10 0070, 2015-Ohio-2070, 34 N.E.3d 150, 154, ¶¶ 24-26.

> {¶17} The Ohio Supreme Court has also stated:
>
> * * * although the BTA is responsible for determining factual issues, we "
>
> 'will not hesitate to reverse a BTA decision that is based on an incorrect
>
> legal conclusion.' " *Satullo v. Wilkins*, 111 Ohio St.3d 399, 2006-Ohio-5856,
>
> 856 N.E.2d 954, ¶ 14, quoting *Gahanna–Jefferson Local School Dist. Bd.*
>
> *of Edn. v. Zaino*, 93 Ohio St.3d 231, 232, 754 N.E.2d 789 (2001). Pursuant
>
> to R.C. 5717.04, the statute that creates the remedy of appeal to this court
>
> from decisions of the BTA, we may either reverse a decision of the BTA or
>
> modify it if we find that the decision is unreasonable or unlawful.

*Sapina v. Cuyahoga Cty. Bd. of Revision*, 136 Ohio St.3d 188, 191–92, 2013-Ohio-3028,

992 N.E.2d 1117, 1121, ¶ 15.

{¶18} Under these standards, we review the Stark County Auditor's appeal of the BTA decision. We consider the Stark County Auditor's three Assignments of Error together as they concern the same standard of review.

## BTA Standard of Review

{¶19} Zimmer appealed the BOR decision to the BTA. The party challenging the BOR's decision at the BTA has the burden of proof to establish its proposed value as the value of the property. *Kroger Co. v. Licking Cty. Bd. of Revision*, 5th Dist. Licking No. 15-CA-37, 2016-Ohio-286, ¶ 17 citing *Dayton–Montgomery Columbus City School Dist. Bd. Of Edn. v. Franklin Cty. Bd. Of Revision*, 90 Ohio St.3d 564, 740 N.E.2d 276 (2001). The BTA has "wide discretion to accept all, part, or none of the testimony of any appraiser presented to said board * * * [a]bsent an abuse of that discretion, the BTA's determination as to the credibility of witnesses and weight to be given their testimony will not be reversed by this court." *Witt Co. v. Hamilton Cty. Bd. of Revision*, 61 Ohio St.3d 155, 573 N.E.2d 661 (1991). If the only evidence before the BTA is the statutory transcript from the BOR, the "BTA must make its own independent judgment based on its weighing of the evidence contained in the transcript." *Columbus Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 76 Ohio St.3d 13, 1996–Ohio–432, 665 N.E.2d 1098. The evidence contained in the record to the BTA from the BOR may be used as the sole basis for deciding the appeal. *Edbow, Inc. v. Franklin Co. Bd. of Revision*, 85 Ohio St.3d 656, 1999–Ohio–331, 710 N.E.2d 1112.

{¶20} Zimmer and the Stark County Auditor waived the hearing before the BTA. In this case, the only evidence before the BTA was contained in the statutory transcript.

**Determination of Valuation**

{¶21} The valuation of the Property was for tax year 2014. The court must apply the substantive tax law in effect during the tax year at issue. *Olentangy Local Schools Bd. of Edn. v. Delaware Cty. Bd. of Revision*, 5th Dist. No. 14 CAH 10 0070, 2015-Ohio-2070, 34 N.E.3d 150, 154, ¶ 32 citing *Sapina*, 136 Ohio St.3d 188, 2013-Ohio-3028, 992 N.E.2d 1117, ¶ 20. The applicable version of R.C. 5713.03, as amended by H.B. 510 and effective March 27, 2013, states in pertinent part:

> * * * In determining the true value of any tract, lot, or parcel of real estate under this section, if such tract, lot, or parcel has been subject of an arm's length sale between a willing seller and a willing buyer within a reasonable length of time, either before or after the tax lien date, the auditor may consider the sale price of such tract, lot, or parcel to be the true value for taxation purposes.

*See Olentangy Local Schools Bd. of Edn. v. Delaware Cty. Bd. of Revision*, 5th Dist. No. 14 CAH 10 0070, 2015-Ohio-2070, 34 N.E.3d 150, 154, ¶¶ 36-37.

{¶22} The Ohio Supreme Court has consistently held the best evidence of true value for real estate taxation purposes is a recent sale in an arm's-length transaction between a willing seller and a willing buyer. *Amerimar Canton Office, L.L.C. v. Stark Cty. Bd. of Revision*, 5th Dist. Stark No. 2014CA00162, 2015-Ohio-2290, ¶ 20 citing *Zazworsky v. Licking Cty. Bd. of Revision*, 61 Ohio St.3d 604, 575 N.E.2d 842 (1991). *See, also, Cummins Property Servs., L.L.C. v. Franklin Cty. Bd. of Revision*, 117 Ohio St.3d 516, 2008–Ohio–1473, 885 N.E.2d 222, ¶ 13; *Berea City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 106 Ohio St.3d 269, 834 N.E.2d 782, 2005–Ohio–

4979, ¶ 13; *Hillard City School Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 53 Ohio St.3d 57, 558 N.E.2d 1170 (1990).

{¶23} An arm's-length transaction is "'one which encompasses bidding and negotiation on the open market between a ready, willing and able buyer, and a ready, willing and able seller, both being mentally competent, and neither acting under duress or coercion.' " *Walters v. Knox Cty. Bd. of Revision*, 47 Ohio St.3d 23, 25, 546 N.E.2d 932, 935, (1989). "[A]n arm's-length sale is characterized by these elements: it is voluntary, i.e., without compulsion or duress; it generally takes place in an open market; and the parties act in their own self-interest." *Id.*

### Evidence in the Statutory Transcript

{¶24} In support of his argument that the Property's valuation should be decreased, Zimmer attached documents to his Complaint Against Valuation. Zimmer attached a portion of the U.S. Department of Housing and Urban Development Settlement for the May 1, 2014 purchase of the Property. The settlement statement reflected the sales price of the Property was $48,200. The settlement statement further showed that the seller of the Property was Fannie Mae A/K/A Federal National Mortgage Association and the buyer of the Property was Zimmer. Zimmer also attached sales data on the Property obtained from the Stark County Recorder's website and a copy of the Property's record card from the Stark County Auditor's website. Zimmer did not appear at the BOR hearing.

{¶25} The Stark County Auditor appeared at the BOR hearing and presented a staff appraisal report, which showed the Property was appraised at $94,500. The appraisal report reflected that the Property was being used as a rental at $900/month,

had been renovated, was listed for sale for $110,000, and identified comparable sales prices in the area.

{¶26} In making its decision as to valuation, the BOR did not consider the recent sale of the Property. The BOR stated at the hearing that it agreed to reaffirm the Board's previous decision to set the value of the Property per the appraiser's recommendation of $94,500. (Tr. 3).

**The BTA Decision**

{¶27} The parties did not request a hearing before the BTA; therefore, the only evidence before the BTA was contained in the statutory transcript. The BTA ultimately determined the recent sale of the Property was an arm's-length transaction and was the best method to determine the true value of the Property. The BTA stated that absent an affirmative demonstration that the sale was not a qualifying sale for tax valuation purposes, the record demonstrated it was recent and arm's-length.

{¶28} The Stark County Auditor contends the BTA erred when it failed to consider the evidence in the statutory record to find instead that the recent sale of the Property was the best evidence to determine valuation. The Stark County Auditor argues that Zimmer failed to present evidence to demonstrate the sale was a qualifying sale and by finding in favor of Zimmer, the BTA improperly shifted the original burden of proof to the Auditor and BOR. We disagree.

{¶29} There is no dispute that Fannie Mae A/K/A Federal National Mortgage Association sold the Property to Zimmer on May 1, 2014. The Ohio Supreme Court has held that once the existence of a sale is established, "a sale price is deemed to be the value of the property, and the only rebuttal lies in challenging whether the elements of

recency and arm's-length character between a willing seller and a willing buyer are genuinely present for that particular sale." *Cummins Property Servs., LLC v. Franklin Cty. Bd. of Revision*, 117 Ohio St.3d 516, 2008-Ohio-1473, 885 N.E.2d 222, ¶13; *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 78 Ohio St.3d 325, 327, 677 N.E.2d 1197 (1997). The Court restated its position in *HIN, LLC v. Cuyahoga Cty. Bd. of Revision*, 138 Ohio St.3d 223, 2014-Ohio-523, 5 N.E.3d 637, ¶14, by holding, "[t]he *only* way a party can show that a sale price is not representative of value is to show that the sale was either not recent or not an arm's-length transaction." (Emphasis sic.) The affirmative burden, therefore, rests with the opponent of using a reported sale price to demonstrate why it does not reflect the property's value. *Cincinnati Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 78 Ohio St.3d 325, 327, 677 N.E.2d 1197 (1997).

{¶30} The party challenging the BOR's decision at the BTA has the burden of proof to establish its proposed value as the value of the property. *Kroger Co. v. Licking Cty. Bd. of Revision*, 5th Dist. Licking No. 15-CA-37, 2016-Ohio-286, ¶ 17 citing *Dayton–Montgomery Columbus City School Dist. Bd. Of Edn. v. Franklin Cty. Bd. Of Revision*, 90 Ohio St.3d 564, 740 N.E.2d 276 (2001). A sale price is presumed to establish the value of real property. *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 78 Ohio St.3d 325, 327, 677 N.E.2d 1197 (1997). The Settlement Statement provided by Zimmer stated the sale price of the Property was $48,200. The Stark County Auditor did not present any evidence to the BOR or to the BTA to challenge the sale price of the Property. The burden then shifted to the Stark County Auditor to show why the reported sale price did not reflect the Property's value. A review of the record shows the Stark County Auditor did not present any evidence before the BOR or the BTA that the sale

was not arm's-length, recent, and voluntary. The Stark County Auditor has characterized the sale of the Property as a "bank sale," but has not provided any evidence to demonstrate why the "bank sale" was not arm's-length, recent, and voluntary. Without any contrary evidence to consider as to whether there was a recent sale in an arm's-length transaction between a willing seller and a willing buyer, the BTA's decision to reverse the BOR to find the sale price was the true value of the Property was reasonable and lawful.

{¶31} The three Assignments of Error of the Stark County Auditor are overruled.

## CONCLUSION

{¶32} The judgment of the Ohio Board Tax of Appeals is affirmed.

By: Delaney, J.,

Wise, P.J. and

Baldwin, J., concur.