[Cite as *Cuyahoga Lakefront Land, L.L.C. v. Trumbull Cty. Bd. of Revision*, 2025-Ohio-3194.]

# IN THE COURT OF APPEALS OF OHIO
# ELEVENTH APPELLATE DISTRICT
# TRUMBULL COUNTY

| | |
|---|---|
| CUYAHOGA LAKEFRONT LAND, L.L.C., | **CASE NO. 2024-T-0106** |
| Appellant, | |
| - vs - | Administrative Appeal from the Ohio Board of Tax Appeals |
| TRUMBULL COUNTY BOARD OF REVISION, | BTA No. 2023-754 |
| Appellee. | |

## OPINION AND JUDGMENT ENTRY

Decided: September 8, 2025
Judgment: Affirmed

*Karen H. Bauernschmidt* and *Kelly W. Bauernschmidt*, Bauernschmidt Law Firm, 6700 Beta Drive, Suite 100, Mayfield Village, OH 44143 (For Appellant).

*Dennis Watkins*, Trumbull County Prosecutor, and *Lynn B. Griffith, III*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Appellee).

JOHN J. EKLUND, J.

{¶1} Appellant, Cuyahoga Lakefront Land, LLC, appeals from the decision and order of the Ohio Board of Tax Appeals ("BTA") affirming the decision of the Trumbull County Board of Revision regarding the value of Appellant's real property.

{¶2} Appellant raises four propositions of law encompassing 13 assignments of error. Appellant argues that the BTA's decision is unreasonable and unlawful because (1) Appellant met its burden of proof to present probative and competent evidence of the property's 2021 true value based on its expert's appraisal; (2) the BTA determined that

the buildings on the property must be assigned a value; (3) the BTA failed to adopt the opinion of value of Appellant's expert; and (4) the BTA retained the county's value even though the county failed to show how that value was established and failed to file a complete statutory transcript.

{¶3} Having reviewed the record and applicable law, we find that the BTA's decision is reasonable and lawful. The BTA did not abuse its discretion in finding that the appraisal from Appellant's expert was not probative based on the expert's failure to assign any value to the property's buildings. In addition, the BTA's retention of the county's value was legally appropriate under the applicable precedent.

{¶4} Therefore, we affirm the decision and order of the Ohio Board of Tax Appeals.

**Substantive and Procedural History**

{¶5} Appellant is a limited liability company that owns the real property and improvements located at 4780 and 4798 State Route 305 in Southington Township, Trumbull County, Ohio, that was formerly operated as a golf course. The property consists of four parcels (57-119828, 57-119992, 57-006600, and 57-006610) containing 219.737 acres of land and several buildings. For tax year 2021, the county auditor set the property's market value at $962,500 ($508,600 for the land and $453,900 for the improvements).

{¶6} On March 31, 2022, Appellant filed a Complaint Against Valuation of Real Property with the Trumbull County Board of Revision seeking to reduce the property's 2021 market value to $219,000. On December 21, 2022, the board of revision held a hearing. Appellant's counsel appeared and submitted several documents, including a

marketing brochure, plot maps, a location diagram, an arial map, photographs, the county auditor's property record cards, comparison land sales, and Appellant's opinion of value. Appellant itself did not appear through a corporate representative, and its counsel did not present any witness testimony. On May 16, 2023, the board of revision issued a decision in which it retained the county auditor's value of $962,500.

{¶7} On June 6, 2023, Appellant appealed to the BTA. On December 27, 2023, the BTA ordered the board of revision to file a complete record of its proceedings pursuant to R.C. 5717.01. On January 9 and May 13, 2024, the board of revision purported to file the record. However, the copies of the documents Appellant had submitted were incomplete and appeared to contain only every other page.

{¶8} On May 7, 2024, the BTA held a hearing. Appellant withdrew two parcels from consideration (57-119828 and 57-119992). The two remaining parcels (57-006600 and 57-006610) are located at 4780 State Route 305 and contain approximately 210 acres of land and three structures: a former clubhouse and restaurant; a party room/event center built; and a detached carport. For tax year 2021, the county auditor set the market value of the two parcels at $698,700 ($447,400 for the land and $251,300 for the improvements).

{¶9} Appellant presented the testimony and appraisal report of Dwight Kumler. Kumler stated that the property was a former golf course that had been vacant for over ten years. He opined that the property's "highest and best use" as vacant was "for permitted, residential development, as demand warrants" and as improved was "for razing of existing improvements for residential development, as demand warrants." Using a sale comparison approach, Kumler appraised the land at $320,000 and the improvements at

Case No. 2024-T-0106

zero.  With respect to the improvements, Kumler opined that they had no contributory value to the overall property because there was no apparent demand for them.

{¶10}  Over objection, the board of revision presented testimony from Bernard McDermott, III, the county auditor's chief appraiser and a member of the board of revision.

{¶11}  On November 26, 2024, the BTA issued a decision in which it retained the county auditor's value of $698,700.  The BTA found Kumler's appraisal to be unreliable because he failed to "consider the character of the subject on the tax lien date and failed to account for the value of the buildings."  The BTA concluded that since Kumler's appraisal was not reliable, it was not probative; therefore, Appellant did not carry its burden of proof.

{¶12}  On December 23, 2024, Appellant timely appealed to this Court and raised 15 assignments of error pursuant to R.C. 5717.04 ("A notice of appeal shall set forth the decision of the board appealed from and the errors therein complained of.")

{¶13}  In its appellate brief, Appellant asserts four propositions of law.  Appellant states that its first proposition of law addresses assignment of error no. 2; its second addresses assignment of error nos. 1, 3, 4, 5, 8, and 11; its third addresses assignment of error nos. 6, 10, 12, 13, and 14; and its fourth addresses assignment of error no. 15. Appellant's brief does not reference assignment of error nos. 7 and 9.

{¶14}  Loc.R. 16(C)(4) requires an appellant's brief to contain assignments of error and issues presented for review rather than propositions of law.  Despite Appellant's failure to strictly comply with our local rule, we will consider its propositions of law.

**Standard of Review**

{¶15} "When reviewing a BTA decision, we determine whether the decision is reasonable and lawful; if it is both, we must affirm." *NWD 300 Spring, L.L.C. v. Franklin Cty. Bd. of Revision*, 2017-Ohio-7579, ¶ 13; *see* R.C. 5717.04. "Our review is guided by the premise that ""[t]he fair market value of property for tax purposes is a question of fact, the determination of which is primarily within the province of the taxing authorities.""" *NWD 300 Spring* at ¶ 13, quoting *EOP-BP Tower, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 2005-Ohio-3096, ¶ 17, quoting *Cuyahoga Cty. Bd. of Revision v. Fodor*, 15 Ohio St.2d 52 (1968), syllabus. "[W]e will uphold the BTA's determination of fact if the record contains reliable and probative evidence supporting the BTA's determination." *Dublin City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 2013-Ohio-4543, ¶ 13.

{¶16} "When it reviews appraisals, the BTA is vested with wide discretion in determining the weight to be given to the evidence and the credibility of the witnesses that come before it.'" *EOP-BP Tower* at ¶ 9. The BTA is not required to adopt any expert's valuation. *Id*. "The standard for reviewing the BTA's determination of the credibility of witnesses and the weight to be given their testimony is abuse of discretion." *NWD 300 Spring* at ¶ 14. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting *Black's Law Dictionary* (8th Ed. 2004).

{¶17} "Our review of a question of law is not deferential but de novo." *Dublin City Schools* at ¶ 13. Therefore, we "will affirm a decision of the BTA only if the BTA correctly applies the law." *Id*.

Case No. 2024-T-0106

**Kumler Appraisal**

{¶18} We first review Appellant's second, third, and fourth propositions of law and do so collectively.

{¶19} Appellant's second proposition of law states: "The BTA's decision is unreasonable and unlawful since the property owner met its burden of proof when it presented probative and competent evidence that the 2021 value should be based upon the Kumler appraisal, which properly valued a former closed golf course as of January 1, 2021, in fee simple, consistent with the highest and best use of the property."

{¶20} Appellant's third proposition of law states: "The BTA's decision is unreasonable and unlawful since the BTA determined that the buildings had to have a value in contravention of the Kumler appraisal and should be based upon the Kumler appraisal the highest and best use of the subject property a closed and vacant golf course."

{¶21} Appellant's fourth proposition of law states: "The BTA's decision is unreasonable and unlawful since the BTA failed to value the subject property consistent with the Kumler appraisal."

{¶22} The Supreme Court of Ohio has held that when a case is appealed to the BTA from a board of revision, the appellant has the burden of proving its right to a decrease or increase in the value determined by the board of revision. *Shinkle v. Ashtabula Cty. Bd. of Revision*, 2013-Ohio-397, ¶ 24. "In order to meet that burden, the appellant must come forward and demonstrate that the value it advocates is a correct value." *EOP–BP Tower*, 2005-Ohio-3096, at ¶ 6.

{¶23} Here, Appellant presented appraisal and testimony of Kumler, who opined that the property's true value was $320,000. The BTA found Kumler's appraisal to be unreliable, stating that he failed to "consider the character of the subject on the tax lien date and failed to account for the value of the buildings." The BTA reasoned that it has "historically, subject to limited exceptions, rejected the claim that property is worthless or has no value even when an appraiser selects the highest and best use inconsistent with the most recent use of the property." However, "if the evidence supported an improvement having 'no appreciable contributory value,' then the appraiser was justified in assigning it no value." The BTA concluded that "the record does not support Kumler's supposition that the improvements had no value because their existence was inconsistent with his highest and best use." According to the BTA, "an appraiser cannot ignore the characteristics of the subject property on the tax lien date without sufficient reasons."

{¶24} Appellant argues that the BTA should have adopted Kumler's opinion of value as the property's true value. In particular, Appellant contends that the BTA misapplied its prior decisions in finding that the Kumler appraisal was unreliable.

{¶25} Upon review, we find that the BTA reasonably applied its precedent. For instance, in *Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, BTA No. 2014-887, 2015 WL 1525667 (Apr. 1, 2015), the BTA found that because buildings existed on the property on the tax lien date (i.e., the first day of the relevant tax year), it was improper for the county auditor to assign no value to them. *Id*. at *4. *See also Brazee v. Cuyahoga Cty. Bd. of Revision*, BTA No. 2015-434, 2015 WL 11018792, *3 (Dec. 29, 2015) ("because the rear house was present on the subject property on the tax lien date, it must be assigned some value"). In *Parker v. Clark Cty. Bd. of Revision*, BTA No. 2007-

Case No. 2024-T-0106

M-280, 2008 WL 5227225 (Dec. 9, 2008), the BTA found that appellants' evidence did not support their claim that farmland had no value. *Id*. at *5. The BTA reasoned that the fact that Farm Credit Services would not accept the land as security for a loan exemplified only one lender's standards for security; however, that did not necessarily mean no lender would accept the land as security, especially since a prior lender had done so. *Id*. *See also Ridgeview Ctr., Inc. v. Lorain Cty. Bd. of Revision*, BTA No. 92-D-1308, 1994 WL 379838, *4 (July 15, 1994) (the BTA rejected another opinion from Kumler that "the improvements have no contributory value to the overall property" and that the property's "highest and best use" is "to raze the improvements for alternative development").

{¶26} By contrast, in *New Richmond Dev. Corp., LLC v. Clermont Cty. Bd. of Revision*, BTA No. 2021-1138, 2024 WL 3955715 (Aug. 21, 2024), the BTA found an appraisal to be credible and probative where the appraiser determined that a building the county auditor valued at $2,400 had "no appreciable contributory value to the land." *Id*. at *14. The BTA agreed with the appraiser's assessment because of "the minimal value of that structure relative to the balance of the value in the parcel's 597 acres." *Id*. In *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, BTA No. 99-A-1365, 2000 WL 1289487 (Aug. 25, 2000), two appraisers agreed that a building had no value; however, they treated that conclusion differently. *Id*. at *5. One appraiser ascribed a salvage value to the building, while the other appraiser deducted the building's estimated demolition costs from the overall value of the land. *Id*. The BTA determined that the latter approach was the proper way to treat the building's value. *Id*.

{¶27} Here, there is no dispute that the buildings existed at the time of the property's tax lien date of January 1, 2021, and that the county auditor valued them at

Case No. 2024-T-0106

$251,300. Kumler contended that the buildings had no value because there had been no interest in buying or leasing them in the last ten years. The BTA was apparently unconvinced by Kumler's reasoning. Upon review, we see no basis upon which to find that the BTA abused its discretion in that regard.

{¶28} Accordingly, we reject Appellant's second, third, and fourth propositions of law and overrule assignment of error nos. 1, 3-6, 8, and 10-15.

### County Valuation

{¶29} We next review Appellant's first proposition of law, which states, "The BTA erred in retaining the county value when the county failed to establish how the 2021 value was established and failed to file a statutory transcript."

{¶30} Appellant argues that the BTA should not have retained the county's 2021 value of the property because there was no evidence in the record regarding how the county established that value. According to Appellant, the county auditor's property record card would have contained that information; however, it was not before the BTA because the county failed to file a complete record of the board of revision's proceedings.

{¶31} Appellant's argument misapprehends the applicable law on burden-shifting. The Supreme Court of Ohio has explained that "[o]nce competent and probative evidence of value is presented by the appellant, the appellee who opposes that valuation has the opportunity to challenge it through cross-examination or by evidence of another value." *EOP–BP Tower*, 2005-Ohio-3096, at ¶ 6. "The appellee also has a choice to do nothing." *Id.* "However, the appellant is not entitled to the valuation claimed merely because no evidence is adduced opposing that claim." *Id.* Because the burden of persuasion is on the challenger, not the board of revision, the Supreme Court of Ohio has held that

Case No. 2024-T-0106

"'[w]here the BTA rejects the evidence presented to it as not being competent and probative, or not credible,' and where 'there is no evidence from which the BTA can independently determine value,' the BTA 'may approve the board of revision's valuation, without the board of revision's presenting any evidence.'" *Dayton-Montgomery Cty. Port Auth. v. Montgomery Cty. Bd. of Revision*, 2007-Ohio-1948, ¶ 15, quoting *Simmons v. Cuyahoga Cty. Bd. of Revision*, 81 Ohio St.3d 47, 48-49 (1998).

{¶32} Here, Appellant presented Kumler's testimony and report as its valuation evidence; however, the BTA rejected that evidence as "not reliable" and "not probative." As explained above, the BTA did not abuse its discretion in so finding. Appellant does not contend there was other evidence from which the BTA could have independently determined the property's value. Therefore, the BTA's retention of the county's value was legally appropriate.

{¶33} Accordingly, we reject Appellant's first proposition of law and overrule assignment of error no. 2.

{¶34} Finally, we note that Appellant has not referenced or discussed assignment of error nos. 7 and 9 set forth in its notice of appeal. Accordingly, Appellant has waived those assigned errors, and they are overruled.

{¶35} For the foregoing reasons, the decision and order of the Ohio Board of Tax Appeals is affirmed.


ROBERT J. PATTON, P.J.,

MATT LYNCH, J.,

concur.

Case No. 2024-T-0106

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, Appellant's propositions of law and assignments of error are without merit.  It is the judgment and order of this court that the decision and order of the Ohio Board of Tax Appeals is affirmed.

Costs to be taxed against Appellant.

_____
JUDGE JOHN J. EKLUND

_____
PRESIDING JUDGE ROBERT J. PATTON,
concurs

_____
JUDGE MATT LYNCH,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate
pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---